**In re NOELL.**

No. 407.

Circuit Court of Appeals, Eighth Circuit.

Nov. 21, 1937.

P. H. Cullen, Clem F. Storckman, and Cullen Coil, all of St. Louis, Mo., for Charles P. Noell.

Leland Hazard and H. G. Leedy, both of Kansas City, Mo., for Bar Committees of Missouri.

Before STONE, GARDNER, SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

Charles P. Noell, an attorney admitted to practice in this court, has filed a response to an order of this court entered April 10, 1937, which order, after reciting that a copy of an order made by the St. Louis Court of Appeals, suspending his license to practice law in the state courts of Missouri for a period of two years, was filed with the clerk of this court, provides that, unless, within forty days from April 10, 1937, he shall show that such suspension is no longer in effect, he will, by virtue of paragraph 4 of rule 7 of the rules of this court, be suspended from practice in this court until the period of suspension under the order of the St. Louis Court

of Appeals shall have expired, or until the further order of this court.

The respondent, Noell, asserts that the order of the St. Louis Court of Appeals (96 S.W.2d 213), which it is sought to make the basis of his suspension to practice in this court, was made and entered without a hearing and without giving to him an opportunity to be heard, and was therefore not such an order as this court may recognize as a valid order of suspension or as the basis for striking his name from the roll of counsel of this court.

Paragraph 4 of rule 7 of the rules of this court provides: "Any member of the bar of this court who is disbarred or suspended in any court of record shall, because thereof, be stricken from the roll of counsel, unless within a time to be fixed by this court, and after notice mailed by the clerk to the address on the roll, he shall show that such disbarment or suspension is no longer in effect."

▆▆ It is suggested that, since the St. Louis Court of Appeals is a court of record and since the respondent has failed to show that he is no longer suspended from the practice of law in the state courts of Missouri, an order striking his name from the roll of counsel of this court must follow. This suggestion, we think, overlooks the rule that this court may not recognize as valid an order of suspension or disbarment where the procedure in the state court, from want of notice or opportunity to be heard, was wanting in due process. Selling v. Radford, 243 U.S. 46, 51, 37 S. Ct. 377, 61 L.Ed. 585, Ann.Cas.1917D, 569. "A sentence of a court pronounced against a party without hearing him, or giving him an opportunity to be heard, is not a judicial determination of his rights, and is not entitled to respect in any other tribunal." Windsor v. McVeigh, 93 U.S. 274, 277, 278, 23 L.Ed. 914; Hovey v. Elliott, 167 U.S. 409, 414, 17 S.Ct. 841, 42 L.Ed. 215.

▆▆ The procedure which was followed in the state court was, in substance, this: Charges were there filed against the respondent, to which he made answer. That court appointed a commissioner to hear the cause and to report his findings of fact and recommendations thereon. The commissioner heard the cause and reported to and filed with the state court his findings of fact and his recommendation that the respondent be suspended from the practice of law for a period of two years. The commissioner transmitted to that court the testimony taken before him and the briefs which had been filed with him. Those who had filed the charges against the respondent took exception to the recommendation of the commissioner; it being their contention that the respondent should be disbarred instead of suspended. The respondent filed exceptions to the findings and recommendation of the commissioner, challenging their correctness and the sufficiency of the evidence to sustain them. The state court fixed no time for hearing the parties upon their exceptions, and no order was made with respect to either oral or written arguments. Without argument, without a hearing, without affording the respondent an opportunity to be heard, that court overruled all exceptions to the commissioner's report and entered the order of suspension here in question. Thereafter, the respondent filed a petition for rehearing supported by a brief. His petition was denied, and he then filed a request that the proceedings be certified to the Supreme Court of Missouri for review. The request was overruled. He then filed with the Supreme Court of Missouri an application for certiorari, which was denied.

The commissioner appointed by the St. Louis Court of Appeals was without power to enter, or to dictate the entry of, an order of suspension of the respondent, and there is no claim that he attempted so to do. It is conceded, as, of course, it must be, that the power to disbar or suspend the respondent resided in the state court as a court, and was not delegated and could not be delegated. Section 11713, Revised Statutes of Missouri, 1929 (Mo.St.Ann. § 11713, p. 629) provides: "All trials of charges preferred against attorneys shall be by the court, and in all cases of conviction the court shall pronounce judgment of removal or suspension according to the nature of the facts found: Provided, however, that if the charge be filed in the supreme court, or in one of the courts of appeals, such court shall have authority to appoint a commissioner to hear the evidence and make report thereof to the court. In all cases the court shall have authority to tax or abate the cost of the proceedings as it may deem just."

The suggestion is made that, taking into consideration the procedure which the state court adopted, the hearings before the commissioner, the briefs filed with him

and transmitted by him to the St. Louis Court of Appeals, and the briefs filed in connection with the proceedings taken by the respondent, subsequent to the entry of the order of suspension, for the purpose of securing a rehearing and a review, it cannot justly be said that the requirements of due process were not adequately met. But the hearings before the commissioner were not hearings before the court. The briefs presented to him were unquestionably concerned with what his findings and recommendation should be, and not with what the ultimate disposition of the cause by the court should be. The proceedings subsequent to the entry of the order of suspension were directed to securing a rehearing after the order of suspension was entered, and to securing a review by the Supreme Court of Missouri of the proceedings which had resulted in the order of suspension. The briefs filed in connection with such proceedings could not, we think, properly be regarded as the equivalent of a hearing by the St. Louis Court of Appeals upon the merits prior to the entry of judgment. In no real sense did that court ever have the merits of the cause before it until the report of the commissioner and the exceptions of the respondent thereto were filed with it. Hence it is apparent that that court at no time afforded the respondent an opportunity to be heard before it upon the merits of the controversy which it alone had power to determine.

This court, of course, has no right to review the proceedings in the state court. Nothing that has been said in this opinion is in any way to be regarded as a criticism of the procedure adopted by that court or of the final conclusion reached by it. For all that appears, the state court may have reached a correct conclusion by methods which it regarded as fully meeting the requirements of due process. We have made an intrinsic examination of the procedure followed by the state court, as we are required to do, for the sole purpose of determining whether it was such that the order of suspension entered by the state court may be regarded by us as a sufficient ground for striking the name of the respondent from the roll of counsel of this court. Our conclusion is that we cannot so regard it.

The disposition which we make of this matter will be no bar to a proceeding in this court for the disbarment or suspension of the respondent from practice therein for the same reasons for which he was suspended in the state court, or for any other reasons deemed adequate.

The order requiring the respondent to show cause is discharged, and this proceeding is dismissed.