Gordon C. PETERSON, Appellant,

v.

Robert J. SHERAN, Fallon Kelly, Harry H. MacLaughlin, James C. Otis, C. Donald Peterson, W. F. Rogosheske, George M. Scott, John Todd, and Lawrence R. Yetka, Members of the Supreme Court of the State of Minnesota, John McCarthy, Clerk of the Supreme Court of Minnesota, Kenneth M. Anderson, Norman D. Arvesen, Thomas H. Carey, Gerald T. Carroll, Jr., Conrad M. Fredin, Kelton Gage, Arthur N. Goodman, James T. Hale, William T. Hedeen, Dr. Phillip C. Helland, Jared How, Charles T. Hvass, Mrs. Irene Janski, Kenneth F. Kirwin, Gerald E. Magnuson, William I. Novak, Harding A. Orren, Allen I. Saeks, Jerome B. Simon, William P. Van Evera, Sherman Winthrop, Mrs. Martha Zachary, Members of the State Board of Professional Responsibility, and R. Walter Bachman, Director, and C. Allen Dosland, Charles T. Barnes, Robert F. Collins, Harry Costello, Morris Dickel, Gerald Rufer, and James R. Schwebel, Members of the State Board of Law Examiners, and the Minnesota State Bar Association, Appellees.

No. 79–1685.

United States Court of Appeals, Eighth Circuit.

Submitted March 12, 1980.

Decided Dec. 5, 1980.

Robert J. Bruno, Burnsville, Minn., for appellant.

Erica K. Jacobson, Sp. Asst. Atty. Gen., St. Paul, Minn., for appellees.

Before LAY, Chief Judge, and HENLEY and McMILLIAN, Circuit Judges.

McMILLIAN, Circuit Judge.

Appellant Gordon C. Peterson, a disbarred attorney, appeals from an order of the district court dismissing his action under 42 U.S.C. § 1983 and 28 U.S.C. § 1343 for a declaratory judgment that he has the right to practice law in Minnesota and for an injunction compelling reinstatement of his license to practice by appellees, who include members of the Supreme Court of Minnesota and the clerk of that court. Appellant contended that the Minnesota Supreme Court's continuing refusal to reinstate his license to practice law violated due process and equal protection of the laws under the fourteenth amendment and violated his rights under the first amendment, made applicable to the states under the fourteenth amendment. The district court dismissed the due process and first amendment claims for lack of subject matter jurisdiction and after a hearing on the merits dismissed the equal protection claim as groundless. For the reasons discussed below, we vacate in part and affirm in part the judgment of dismissal on different grounds.

■ We first note that the briefs name as appellees forty individuals and the Minnesota Bar Association, and the district court's judgment appears to apply to all of them. We are informed, however, that the record shows only thirteen of the individual appellees were ever served a summons in this lawsuit. Consequently, the district court had no personal jurisdiction over parties not served; and, therefore, we vacate the judgment against them and dismiss the appeal from that part of the judgment.[1]

On appeal appellant argues first that the district court erred in finding lack of subject matter jurisdiction over his due process claim. Appellant alleges that he was denied due process when the Minnesota Supreme Court denied him reinstatement to the state bar. Appellant argues that the court was biased against him, the standards for reinstatement were too vague and the language used during the reinstatement proceedings was unduly harsh in describing the misconduct for which appellant was originally disbarred. Appellant also claims that his first amendment rights were violated by improper consideration in the reinstatement proceedings of appellant's public

---

1. We are informed by the clerk of the district court that summons was served on the following persons, who are designated appellees in this proceeding: Charles T. Hvass, Kenneth M. Anderson, R. Walter Bachman, J., Robert J. Sheran, W. F. Rogosheske, John Todd, John McCarthy, Lawrence R. Yetka, C. Donald Peterson, James C. Otis, Fallon Kelly, Harry H. MacLaughlin, George M. Scott. Proceedings are vacated and this appeal dismissed as to the following parties who are designated as appellees: Norman D. Arvesen, Thomas H. Carey, Gerald T. Carroll, Jr., Conrad M. Fredin, Kelton Gage, Arthur N. Goodman, James T. Hale, William T. Hedeen, Dr. Phillip C. Helland, Jared How, Mrs. Irene Janski, Kenneth F. Kirwin, Gerald E. Magnuson, William I. Novak, Harding A. Orren, Allen I. Saeks, Jerome B. Simon, William P. Van Evera, Sherman Winthrop, Mrs. Martha Zachary, C. Allen Dosland, Charles T. Barnes, Robert F. Collins, Harry Costello, Morris Dickel, Gerald Rufer, James R. Schwebel, and the Minnesota State Bar Association.

criticism of policies of the Minnesota bar.[2] Although the district court did not consider the latter claim separately, the district court found that appellant had suffered no invidious discrimination on the basis of political opposition to bar disciplinary policies. Finally, appellant argues that the district court wrongfully found meritless his equal protection claim that he suffered unconstitutional discrimination because he was more severely disciplined than other attorneys found to have engaged in misconduct.

The facts are set forth in the district court's opinion. We set forth only briefly the background of this case. Appellant was disbarred from practicing law in the Minnesota courts in 1961 for "reprehensible" conduct. *In re Application for Discipline of Peterson*, 260 Minn. 339, 110 N.W.2d 9 (1961). He has repeatedly applied for reinstatement to the state bar. *In re Application for Reinstatement of Peterson*, Minn., 274 N.W.2d 922 (1979); *In re Application for Reinstatement of Peterson*, 288 Minn. 550, 181 N.W.2d 341 (1970); *In re Application for Reinstatement of Peterson*, 275 Minn. 559, 146 N.W.2d 768 (1968). While disbarred, appellant sought to enter his name in an election for Minnesota Supreme Court judge, but the Supreme Court of Minnesota ruled him ineligible. *In re Daly*, 294 Minn. 351, 200 N.W.2d 913, *cert. denied*, 409 U.S. 1041, 93 S.Ct. 528, 34 L.Ed.2d 491 (1972). He unsuccessfully challenged this determination of his ineligibility in state court, *Peterson v. Knutson*, 305 Minn. 53, 233 N.W.2d 716 (1975), and in federal court, *Peterson v. Knutson*, 367 F.Supp. 515 (D.Minn.1973), *aff'd*, 505 F.2d 736 (8th Cir. 1974).

■ The Minnesota Supreme Court rejected appellant's latest application for reinstatement to the bar, a decision which agreed with preliminary recommendations of the Director of the Lawyers Professional Responsibility Board of the Minnesota bar and of a state judge appointed as a referee to hear the case. The Minnesota Supreme Court in its decision expressed concern over the "unfortunate consequences" when appellant, although informing a federal trial court of his disbarment, represented a defendant in a criminal case.[3] *In re Application for Reinstatement of Peterson, supra*, 274 N.W.2d at 924. The Minnesota Supreme Court was also concerned that appellant refused to acknowledge the unethical conduct for which he was originally disbarred. *Id.* In this court appellant contends that he did not engage in the unethical conduct which was the basis of his disbarment. The merits under state law of that decision, however, are beyond the scope of our review.

■ Appellant cites *Theard v. United States*, 354 U.S. 278, 77 S.Ct. 1274, 1 L.Ed.2d 1342 (1957), as authority for the proposition that his continuing disbarment was improper. *Theard*, however, involved exclusion of an attorney from the *federal* bar and is not precedent for federal review of *state* law grounds for a decision to exclude an attorney from the *state's* bar. *Theard* would apply only to an attorney's status before the federal bar. Our decision in this case, of course, has no bearing upon appellant's eligibility for membership in the federal bar or any proceeding that may involve his status in regard to the federal bar.

■ Preliminarily, we must respond to appellees' contention that federal courts generally lack subject matter jurisdiction over deprivations of federal constitutional rights alleged to have occurred in state judicial proceedings. Appellees' argument seems to be that, because decisions of the highest state court on federal constitutional

---

**2.** Appellant's original complaint claimed that a religious test had been established for admission to the Minnesota bar in violation of the first amendment; the district court dismissed this claim and appellant appears to have abandoned it on appeal.

**3.** *See also United States v. Peterson*, 550 F.2d 379 (7th Cir. 1977).

issues can only be reviewed in the United States Supreme Court, relief from deprivations ·of constitutional rights in state judicial proceedings is not available under 42 U.S.C. § 1983 and 28 U.S.C. § 1343. We reject this contention. Federal courts have jurisdiction over claims that state judicial proceedings have resulted in deprivations of federal constitutional rights as long as the claims are otherwise properly before the federal courts.[4] *See, e. g., Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 88–89, 95 S.Ct. 870, 877, 43 L.Ed.2d 32 (1975); *American Trial Lawyers Ass'n v. New Jersey Supreme Court,* 409 U.S. 467, 93 S.Ct. 627, 34 L.Ed.2d 651 (1973) (per curiam); *Mitchum v. Foster,* 407 U.S. 225, 92 S.Ct. 2151, 32 L.Ed.2d 705 (1972); *England v. Louisiana State Board of Medical Examiners,* 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964) (hereinafter *England* ); *Ex Parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed.

714 (1908); *Shipp v. Todd,* 568 F.2d 133 (9th Cir. 1978) (per curiam); *Getty v. Reed,* 547 F.2d 971 (6th Cir. 1977); *Timmerman v. Brown,* 528 F.2d 811 (4th Cir. 1975); *Hansen v. Ahlgrimm,* 520 F.2d 768 (7th Cir. 1975); *Goodrich v. Supreme Court,* 511 F.2d 316, 318 n.8 (8th Cir. 1975); *Neal v. Brim,* 506 F.2d 6 (5th Cir. 1975); *see Jenson v. Olson,* 353 F.2d 825 (8th Cir. 1965).

We conclude, however, that in the circumstances of the present case appellant is foreclosed from presenting his constitutional claims in federal court. This action was filed in federal district court during the pendency of proceedings in the Minnesota courts on appellant's latest application for reinstatement to the Minnesota bar. The district court[5] abstained from deciding appellant's constitutional claims, stayed its proceedings, and retained jurisdiction[6] pending a final decision on appellant's ap-

4. The district court held that it would not have subject matter jurisdiction over matters including federal constitutional claims which arose out of the same nucleus of operative fact as a state claim and which "inhered" in the state decision, because a federal court decision would amount to impermissible appellate review of the state decision. *See Jones v. Hulse,* 391 F.2d 198 (8th Cir.) (per curiam), *cert. denied,* 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968). But we distinguish *Jones v. Hulse* because that decision rested upon the express finding that the federal court action was "tantamount to an appeal or a petition to review the propriety of [a] state court order," *id.* at 202, as opposed to an action based upon deprivation of federal constitutional rights. Although appellant sought to overturn the disbarment as a remedy for constitutional violations, his challenge is not primarily aimed at the merits of the state proceedings but rather at alleged federal constitutional infirmities in.the state proceedings. As noted above, we have subject matter jurisdiction over the federal constitutional questions.

　If what we have said thus far suggests that the District Judge who held he had "no jurisdiction" to try this case simply missed the signs on a well marked [trail], we hasten to acknowledge that no such thing is true. One commentator, Theis, has noted that the Supreme Court has given no guidance as to claim preclusion by final state court decision in § 1983 cases and added that as a result "the decisions of the lower courts teem with inconsistencies."

*Getty v. Reed,* 547 F.2d 971, 975 (6th Cir. 1977), *citing* Theis, *Res Judicata in Civil Rights Act Cases: An Introduction to the Problem,* 70 N.W.L.Rev. 859, 865–66 & n.35 (1976). *See also New Jersey Educ. Ass'n v. Burke,* 579 F.2d 764, 772–74 (3d Cir.), *cert. denied,* 439 U.S. 894 (1978).

5. The Honorable Miles W. Lord, United States District Judge for the District of Minnesota, presided over the pre–abstention proceedings. The Honorable William C. Hanson, United States Senior District Judge for the Northern and Southern Districts of Iowa, sitting by designation, presided over the post–abstention proceedings. Judge Hanson's decision is reported at 474 F.Supp. 1215 (D.Minn.1979).

6. We observe also that the district court's abstention may have served the purpose of avoiding appellant's first amendment claim that the refusal to reinstate him was based on his criticism of the Minnesota bar and appellant's due process claim that the refusal to reinstate him was based upon an unduly harsh characterization of the activity for which he had originally been disbarred. The Minnesota Supreme Court subsequent to the abstention made a decision that was not based upon either of the allegedly unconstitutional grounds. The supreme court's decision therefore may have obviated any need to decide those federal constitutional questions.

plication for reinstatement by the Minnesota court. *See American Trial Lawyers Ass'n v. New Jersey Supreme Court, supra,* 409 U.S. at 469, 93 S.Ct. 627, 629, 34 L.Ed.2d 651; *Railroad Comm'n v. Pullman Co.,* 312 U.S. 496, 61 S.Ct. 643, 85 L.Ed. 971 (1941) (hereinafter *Pullman*); *Warren v. Government National Mortgage Ass'n,* 443 F.2d 624 (8th Cir.), *cert. denied,* 404 U.S. 886, 92 S.Ct. 220, 30 L.Ed.2d 169 (1971).

Appellant argues that the Minnesota Supreme Court was biased against him and that he would not receive a real opportunity to raise his claims before that court. However, he alleges only a general bias because of previous proceedings in his case and hypothetical reactions by the state supreme court judges to his public criticism of the state judiciary and his attempt to become a candidate for a seat on that court. He did not raise the bias issue in the proceedings before the Minnesota Supreme Court. In sum, his allegations are not substantial enough to make us assume that the court system of Minnesota had been rendered incompetent to decide appellant's federal claims. *Compare Kugler v. Helfant,* 421 U.S. 117, 125–29, *with Gibson v. Berryhill,* 411 U.S. 564, 577–79.

Appellant did not present his federal claims in state court. Instead, he made his state court arguments in state court and thereafter renewed his federal claims in federal court. The Minnesota Supreme Court was presented with claims that appellant had shown good moral character and sufficient rehabilitation to warrant rehabilitation; appellant presented character witnesses on his behalf. *In re Application for Reinstatement of Peterson, supra,* 274 N.W.2d at 923. Appellant admits, however, that he did not argue to the Minnesota Supreme Court that its members were biased and should be recused under state law, although he claims in federal court that his due process rights were violated by the bias of the members of the Minnesota Supreme Court. Likewise, the record indicates that appellant's first amendment and equal protection claims were never presented to the Minnesota Supreme Court, which accordingly did not address any of appellant's federal claims. *Id.*[7]

Appellant informs us that he did not ask the judges of the Minnesota Supreme Court to recuse themselves for bias, because he believed it would be useless to request biased judges to recuse themselves. We disagree with appellant's belief, for it is a canon of judicial ethics that a judge must decline to hear a case if biased. Minnesota Code of

---

**7.** The district court appears to have determined that the Minnesota court implicitly decided certain of appellant's federal claims and that those claims were therefore *res judicata.* 474 F.Supp. at 1220. Our holding in *Goodrich v. Supreme Court, supra,* 511 F.2d 316, would support that conclusion if the federal claims had indeed been raised by appellant in state court. However, we note that the question of claim preclusion in § 1983 cases because of prior state court proceedings involving the same subject matter is a controversial one. *See generally* McCormack, *Federalism & § 1983: Limitations on Judicial Enforcement of Constitutional Claims, Part II,* 60 Va.L.Rev. 250 (1974); Sedler, *Younger and its Progeny: A Variation on the Theme of Equity, Comity & Federalism,* 9 U.Tol.L.Rev. 681, 721–23 (1978); Soifer & Macgill, *The Younger Doctrine: Reconstructing Reconstruction,* 55 Tex.L.Rev. 1141, 1183–85 n.173 (1977); Theis, *Res Judicata in Civil Rights Act Cases: An Introduction to the Problem,* 70 N.W.L.Rev. 859 (1976).

Appellant relies upon *Robbins v. District Court,* 592 F.2d 1015 (8th Cir.), *cert. denied,* 444 U.S. 852, 100 S.Ct. 107, 62 L.Ed.2d 69, for the proposition that *res judicata* principles apply generally to § 1983 cases where the federal constitutional claim could have been raised in an earlier lawsuit. However, in *Robbins* the plaintiffs had voluntarily litigated a § 1983 claim in state court. They then sought to bring a § 1983 action in federal court arising out of the same nucleus of operative fact.

The *Robbins* court cited approvingly *Jenson v. Olson, supra,* 353 F.2d 825, in which the court did not regard federal claims as barred by *res judicata,* even though the plaintiff could have presented them in an earlier state court proceeding. The *Robbins* and *Jenson* cases are fully consistent with the view that a § 1983 challenge to a state proceeding is barred as *res judicata* only if the federal claim was fully and voluntarily litigated in state court. *See also First Am. Bank & Trust Co. v. Ellwein,* 520 F.2d 1309 (8th Cir. 1975), *cert. denied,* 423 U.S. 1055, 96 S.Ct. 788, 46 L.Ed.2d 645 (1976).

Judicial Conduct, Canon 3(C)(1)(a), 27A, 27B Minn.Stat.Ann. (West Cum.Supp.1979); American Bar Association, Code of Judicial Conduct, Canon 3(C)(1)(a) (1976). Appellant decided not to pursue any question of bias even though he considered the question to have constitutional significance. He made the decision despite the fact that the district court had heard his constitutional claim and abstained from deciding it until the Minnesota court had a chance to decide the case in such a way as to avoid any constitutional questions. Appellant thus purposefully tried to avoid giving the state supreme court the very opportunity that the federal district court had properly insisted upon. Strong state and federal interests mandate adherence to procedures which compel litigation to be conducted in a straightforward way.

The difficulty here is that the bias claim, unless first presented to the state court, does not reach constitutional ripeness. If requested to do so, some state supreme court justices might well rule under the record presented to them that they should step aside and allow others to be designated in their place. If some recuse themselves, and we in no way suggest that they should or shouldn't, this would obviate the necessity for any court to pass on the federal constitutionality claims. Thus, we rule the constitutional issues are not ripe for decision since all state issues have not been presented to the state court. *See Bergman v. Bergman,* 623 F.2d 517 (8th Cir. 1979).

Accordingly, the judgment of the district court dismissing appellant's claims is vacated in part and affirmed in part for the reasons set forth in this opinion.[8]

---

[8.] Our disposition makes it unnecessary to reach appellant's contention that the district court abused its discretion in quashing subpoenas for certain testimony and documentary evidence. We note, however, that the district court's reasons for quashing the subpoenas appear to us to be ample.