## Wali MUHAMMED

v.

## ARKANSAS SUPREME COURT COMMITTEE ON PROFESSIONAL CONDUCT et al.

### No. LR–C–86–284.

United States District Court,
E.D. Arkansas, W.D.

Aug. 28, 1986.

Wali Muhammed, Little Rock, Ark., pro se.

David S. Mitchell, Asst. Atty. Gen., Steve Clark, Atty. Gen., Little Rock, Ark., for defendant.

## ORDER

EISELE, Chief Judge.

Pending before the Court is defendants' motion for summary judgment. For the reasons stated below, the motion will be granted.

In seeking summary judgment, defendants argue that this Court lacks subject matter jurisdiction over plaintiff's claim. Citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1984), defendants state that this Court has no authority to review a state judicial decision that plaintiff's license should be suspended.

In *Feldman*, the District of Columbia Court of Appeals (analogous to a state supreme court) had promulgated a rule providing that only applicants of accredited law schools could be admitted to the bar. Mr. Feldman, who had pursued an alternative path to his Virginia law degree, sought by a petition before the Court of Appeals a waiver of that rule. His petition was denied by the Court. Mr. Feldman then sued the Court of Appeals in federal district court, contending that defendant's refusal to admit him constituted a violation of the Fifth Amendment.

The United States Supreme Court found that the proceedings before the Court of Appeals were judicial and thus that Mr. Feldman could not challenge the decision in federal court. The Court found that, as with final state decisions, the only permissible review of the Court of Appeal's decision was direct review by the Supreme Court. 28 U.S.C. § 1257.

The Supreme Court's decision in *Feldman* was then the basis of the opinion of *Thomas v. Kadish*, 748 F.2d 276 (1984), a decision by the 5th Circuit involving facts similar to those presented in the instant situation. In *Thomas v. Kadish*, Mr. Thomas was denied admission to the bar of Texas by the Texas State Board of Law Examiners on the basis of mental unfitness. Although plaintiff could have obtained review of that decision by an appeal to Texas district court, plaintiff instead filed suit in federal district court contending that the Board's decision was the result of racial and religious discrimination. The Fifth Circuit found that the Board's decision should be considered a state judicial decision, and that under federal/state comity and *Feldman*, only higher state courts, and ultimately the United States Supreme Court, had authority to review the Board's decision.

This Court must determine whether the principles enunciated in *Feldman* and *Thomas* deprive this Court of jurisdiction over the instant case. Here, plaintiff's license to practice law was suspended by the Supreme Court Committee on Professional Conduct. The Supreme Court Committee is a committee created and appointed by the Arkansas Supreme Court. The hearings conducted by the Committee are conducted pursuant to rules promulgated by the supreme court. If one disciplined by the Committee wishes to appeal the Committee's decision, the individual may file an appeal to the supreme court, and "[o]n appeal, the matter shall be heard de novo upon the record made before the trial judge, and this Court shall pronounce such judgment as in its opinion should have been pronounced below." [1]

The Committee had received a complaint from an attorney, Mr. Robert Pierce, contending that plaintiff had signed Mr. Pierce's name to a check without authorization. The Committee subsequently held a hearing on Mr. Pierce's complaint. At his hearing, plaintiff and another witness testified that plaintiff had received authority from Mr. Pierce to sign his name, while Mr. Pierce testified that he had never given such authority. At the end of the hearing, the Committee voted to suspend plaintiff's license to practice law for a year. In the instant action, plaintiff contends that the Committee's decision, which effectively found that plaintiff had committed forgery, was the result of racial and religious discrimination and was also made in retaliation for his having sought a hearing. Had he been white, plaintiff contends, his license would not have been suspended.

It should be emphasized that in this action, plaintiff is not making a facial challenge to the rules under which he was disciplined. (Although plaintiff initially may have raised some general constitutional challenges to the rules, the Court has disposed of those contentions in its order denying plaintiff's motion for summary judgment.) Specifically, plaintiff is not here contending that if he committed forgery, he should not have been suspended.

1. The rules do not specifically provide for an appeal from a decision by the Committee. Apparently, however, such appeals are permitted and governed by the rules permitting appeals from decisions by a chancery court judge. *See* Rules Regulating Conduct of Attorneys, Rule 8, Title 27, Appendix. Indeed, an appeal is presently being entertained by the Supreme Court of Arkansas in this case.

Plaintiff is contending that he did not commit forgery, and that the Committee's decision effectively finding otherwise was racially motivated.

The Court believes that under the principles of *Feldman* and *Thomas,* the decision of the defendant Committee must be treated as a judicial decision. As explained by the Supreme Court in *Feldman,*

> A judicial inquiry investigates, declares and enforces liabilities as they stand on present or past facts and under laws supposed already to exist.

*Id.* 103 S.Ct. at 1312.

And, as the court stated in *Thomas,*

> the state board is appointed by the state supreme court and acts under its directions and administers rules, procedures, and standards for admission to the state bar provided by that court. In denying Thomas admission, the Board was exercising authority on behalf of the supreme court pursuant to that court's rules, standards, and procedures. Thus, as was said with regard to a bar disciplinary committee acting under authority of the state high court, the function of the present Board of Law Examiners 'may be analogized to the function of a special master' in taking actions of an 'essentially judical nature.' *Middlesex County Ethics Committee v. Garden State Bar Association,* 457 U.S. 423, 434 n. 13, 102 S.Ct. 2515, 2533 n. 13, 73 L.Ed.2d 116 (1982).

*Supra* at 281–282.

It must be conceded that in its earlier order denying defendants' motion to dismiss, this Court found that it could not say that the proceedings of the defendant Committee were judicial in nature for the purposes of the abstention doctrine enunciated in *Middlesex County,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The Court is of the opinion, however, that its earlier analysis is not dispositive here for two reasons. First, the Court has now had the opportunity to review the transcript of plaintiff's hearing which shows that plaintiff was provided fundamental procedural safeguards such as the right to confront his accuser, the right to call witnesses, and the right to cross-examine witnesses. Sec-

ond, and more important, the Court's earlier analysis was that the defendant Committee could not by its very nature provide an adequate forum in which plaintiff could challenge the Committee's *own* decision. Upon further reflection and consideration of the cases cited by defendants in their motion for summary judgment, however, the Court believes that if the Committee is considered "judicial" and if its members are entitled to the same absolute protection as judges for their decisions, plaintiff is not constitutionally entitled to a federal forum to collaterally challenge the decision. Under our system of federalism, comity, and judicial immunity, one displeased with a state judge's decision may not, by challenging the motives of the judge, obtain reversal of the decision in federal court. One may appeal in state court and contend that the judge's decision was not supported by evidence or that the judge made certain erroneous legal decisions. One may also file a complaint with a judicial discipline or oversight board. But one may not, by contending that a state judge's decision was based on race, obtain a trial in federal court with the judge as a defendant, with the issue being whether the judge's decision was based on race or on the merits, and with the requested remedy being an order setting aside the judge's earlier decision. As indicated by the Supreme Court in *Feldman* and the Fifth Circuit in *Thomas,* one may directly appeal a state court decision and, after being heard by the highest state court, one may seek review from the United States Supreme Court, but one is not entitled to collateral review in federal court.

In conclusion, the Court finds that the defendant Committee's decisions on discipline matters must be seen as judicial decisions which this Court has no authority to review. Defendants' motion for summary judgment must accordingly be granted.

It is therefore ORDERED that defendants' motion for summary judgment be, and it is hereby, granted.