Sam SEXTON, Jr., Plaintiff,

v.

ARKANSAS SUPREME COURT COM-
MITTEE ON PROFESSIONAL
CONDUCT, Defendant.

Civ. No. 89–2226.

United States District Court,
W.D. Arkansas,
Fort Smith Division.

Nov. 22, 1989.

See also, D.C. —— F.Supp. ——.

Sam Sexton, III, Fort Smith, Ark., for plaintiff.

R.B. Friedlander, Sol. Gen., Little Rock, Ark., for defendant.

MEMORANDUM OPINION

MORRIS SHEPPARD ARNOLD, District Judge.

In 1989, plaintiff, a member of the Arkansas Bar, was suspended from the Bar for one year by defendant, a committee appointed by the Arkansas Supreme Court to regulate legal ethics. Defendant sus-

pended plaintiff on the basis that his business transactions with one of his clients violated Disciplinary Rule 5–104 ("DR 5–104"), one of the state Bar's conflict of interest rules. *See Sexton v. Arkansas Supreme Court Committee on Professional Conduct*, 299 Ark. 439, 774 S.W.2d 114 (1989) (discussion of underlying facts); *see also* DR 5–104(A) (prohibiting lawyer from engaging in business transactions with client where they have differing interests, client expects lawyer to exercise his professional judgment for the protection of the client, and no "full disclosure" has occurred).

The Supreme Court of Arkansas affirmed defendant's decision. *See Sexton, supra.* Defendant informed the news media that the suspension was effective immediately (Complaint, para. 15) and ordered plaintiff to notify all his clients of the suspension (Complaint, para. 16) (Complaint, Exh. 4), without discriminating between plaintiff's state and federal clients. Plaintiff has appealed the Arkansas Supreme Court's decision to the Supreme Court of the United States, and the Arkansas Supreme Court has stayed its judgment pending the appeal.

Plaintiff also filed the instant action under 42 U.S.C. § 1983, alleging that his suspension violated due process, equal protection, and state law. Count 1 of the complaint requests an injunction against defendant attempting to suspend plaintiff's license to practice in federal court. Count 2 of the complaint requests that the court declare relevant sections of the Arkansas Rules of Professional Conduct unconstitutional, and that defendant be enjoined from applying such rules to plaintiff or any other attorney.[1]

On October 24, 1989, defendant filed the instant motion to dismiss. Defendant argues: (1) that this court lacks subject matter jurisdiction because plaintiff's claims are not ripe and he has no standing; (2) that defendant is immune from suit under § 1983, because it is an agency of state government and has qualified immunity from suit; and (3) that plaintiff can seek review of defendant's decisions only in the U.S. Supreme Court. And plaintiff filed a response on November 9, 1989. For the reasons stated below, defendant's motion will be denied.

## I.

### A.

A suit may not be brought in federal court unless an actual case or controversy has been alleged. Defendant alleges that no such controversy exists, because (1) the Arkansas Supreme Court has stayed its mandate until the U.S. Supreme Court rules on plaintiff's appeal (DB 7);[2] (2) defendant will not attempt to remove plaintiff's license to practice in federal court (DB 7); and (3) plaintiff has no standing to litigate the constitutional rights of other members of the Bar (DB 8). Each of these arguments will be addressed in turn.

#### 1.

■ Defendant argues that plaintiff's claim is not yet ripe because the Arkansas Supreme Court has stayed final judgment pending the U.S. Supreme Court's decision. In other words, defendant asserts that this action will not become ripe until plaintiff has actually been suspended from practice.

---

**1.** Specifically, plaintiff alleges that defendant violated due process in the following ways: (1) by voting to suspend plaintiff before holding a hearing; (2) by reviewing their own suspension decision, instead of allowing an appeal to an inferior state court; (3) refusing to disclose the basis for its action by issuing findings of fact or conclusions of law; (4) refusing to permit discovery (Complaint, para. 21); (5) receiving an unlawful delegation of power from the state Supreme Court (Complaint, para. 29); (6) suspending plaintiff's license on the basis that there was a "reasonable cause to believe" plaintiff had violated state disciplinary rules (Complaint, para. 30); (7) failing to provide for *de novo* review of his suspension (Complaint, para. 31); and (8) failing to clarify the law in its decision (Complaint, para. 32). Plaintiff also alleges that defendant's failure to state the basis for its decision violates both equal protection and state law.

**2.** PB = Plaintiff's Brief
DB = Defendant's Brief

It is well settled that even if plaintiff has not yet suffered any injury from defendant's conduct, a credible threat of discipline will make a case ripe. *See Babbitt v. United Farm Workers National Union*, 442 U.S. 289, 298–99, 99 S.Ct. 2301, 2308–09, 60 L.Ed.2d 895 (1979) (plaintiff "does not have to await the consummation of threatened injury to obtain preventive relief" but those with "imaginary or speculative" fears may not sue). In this case, plaintiff has undoubtedly been threatened with suspension. It follows that count 2 of plaintiff's complaint, which challenges the rules causing his suspension from state practice, is ripe for decision.

### 2.

■ Defendant argues that even if count 2 of plaintiff's complaint is ripe for decision, count 1 is not. Count 1 requests that the court prohibit defendant from "imposing, or attempting to impose, sanctions against the Plaintiff for the filing of this Petition or for continuing to practice in the Federal Courts...." (Complaint, para. 20). Defendant has not attempted to suspend plaintiff's federal court license or retaliate against plaintiff for practicing in federal court, and claims that it has no intention of doing so (DB 7–8).

On the other hand, plaintiff notes that Rule 11 of the Arkansas Rules of Professional Conduct requires him to deliver files to all clients, not just those in state cases (Complaint, Exh. 4) (PX 8–9). If plaintiff was forced to follow this rule, he would be suspended as effectively as if defendant had explicitly suspended him from federal practice. Accordingly, the court finds that Count 1 may not be dismissed as unripe.

### 3.

■ In his complaint, plaintiff states that defendant's "actions constitute a clear and present danger to the Plaintiff in particular and to other members of the Bar in general." (Complaint, para. 37). Plaintiff states in his brief that he was attempting thereby to assert the rights of other attorneys (PB 13–14). Plaintiff has not shown how the rights of other attorneys, or the relief which would be granted them, differ from his own. Thus, it would be inappropriate for the court to address this question, as its resolution might not affect the validity of any of plaintiff's claims.

### B.

Defendant argues that (1) because state government may not be sued for damages or retroactive injunctive relief, it may not be sued at all under § 1983, and (2) that it is immune from liability under the doctrine of qualified immunity (DB 9–12). Each of these arguments will be addressed in turn.

### 1.

■ It is well settled that state government entities are not "persons" under § 1983 for purposes of suits for damages or other retroactive relief. *Will v. Michigan Department of State Police*, —— U.S. ——, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). On the other hand, defendant admits that "state officials can be sued under § 1983 for injunctive relief because an action for prospective relief is not treated as one against the State." (DB 10). Defendant argues, however, that plaintiff seeks retroactive rather than prospective injunctive relief, because he seeks to overturn a decision which has already been made.

It has been held that the reversal of an unconstitutional action which has already injured the plaintiff constitutes "prospective relief" under § 1983. For instance, in *Nix v. Norman*, 879 F.2d 429 (8th Cir. 1989), plaintiff (a discharged state employee) sued a state government official, alleging that she had been unconstitutionally fired. Plaintiff sought both damages and "an injunction in the form of an order to clear her employment record of any false allegations of improper behavior." *Id.* at 433. The court held that her claim for damages was barred by § 1983 and the Eleventh Amendment, but held that her claim for expungement was "clearly prospective in nature ... and is, therefore, not barred by the Eleventh Amendment." *Id.* at 433. Although the defendant in *Nix* argued that plaintiff's claim was barred by the Eleventh Amendment, both § 1983 and the Eleventh Amendment allow claims

against state officials for prospective injunctive relief. *Id.* at 432–33.

Similarly, in *Darlak v. Bobear,* 814 F.2d 1055, 1061 (5th Cir.1987), a physician who was suspended from a state hospital sued state officials under § 1983, and requested that the hospital rescind his suspension. The court held that plaintiff's claim was one for prospective injunctive relief, and was therefore not barred by the Eleventh Amendment. *Id.* at 1061. *See also* M. Schwartz & J. Kirklin, *Section 1983 Litigation: Claims, Defenses and Fees—1989 Cumulative Supplement No. 1* § 6.5 (1989) (numerous cases cited, holding that reinstatement of public employees is prospective rather than retroactive relief).

Defendant could rely on the reasoning in *Schneider v. Colegio De Abogados De Puerto Rico,* 546 F.Supp. 1251 (D.P.R.1982) as support for its argument. In *Schneider,* two attorneys were disbarred for nonpayment of bar dues, and filed suit against the Puerto Rico bar association challenging the constitutionality of Law No. 43, which required payment of bar dues. Plaintiffs requested that they be reinstated to the practice of law and that future enforcement of Law No. 43 be enjoined. The court held that to the extent that the complaint "may be interpreted as challenging the retroactive outcome of the disciplinary proceedings against these parties before the Puerto Rico Court, such a challenge is foreclosed in a § 1983 action." *Id.* at 1267. Nevertheless, *Schneider* is easily distinguishable from this case for two reasons.

First of all, *Schneider* did not rely on the Eleventh Amendment or on the definition of "persons" under § 1983, but instead based its decision on cases such as *Jones v. Hulse,* 391 F.2d 198 (8th Cir.), *cert. denied,* 393 U.S. 889, 89 S.Ct. 206, 21 L.Ed.2d 167 (1968), which held that a district court may not "entertain an original proceeding designed to set aside and vacate a disciplinary judgment of a state court." *Id.* at 202; *see also Muhammed v. Arkansas Supreme Court Committee on Professional Conduct,* 655 F.Supp. 584, 586 (E.D.Ark.) *aff'd without opinion,* 815 F.2d 711 (8th Cir. 1987) (committee's disciplinary decisions

are "judicial decisions which this Court had no authority to review.") *Jones* was distinguished in *Peterson v. Sheran,* 635 F.2d 1335 (8th Cir.1980). *Peterson* held that an attorney who has been disciplined may file a § 1983 suit where "his challenge is not primarily aimed at the merits of the state proceeding, but rather at alleged federal constitutional infirmities in state proceedings." *Id.* at 1339 n. 4. This case, like *Peterson,* challenges "the federal constitutional infirmities in state proceedings." Thus, *Jones* and *Schneider,* to the extent it follows *Jones,* are not on point.

Second, the *Schneider* court itself went on to hold that it could consider "the issues raised by the prospective enforcement of Law No. 43 [because doing so] cannot be interpreted as an appeal from a prior state court opinion, but is rather a new federal case in which the state court's interpretation serves to establish what is the substantive state law that is applicable." *Schneider,* 546 F.Supp. at 1468. The court stated that as to this claim, the disbarred plaintiffs are identically situated to other plaintiffs who were prospectively challenging Law No. 43. *Id.* These plaintiffs had paid their bar dues in the past, but were requesting an injunction relieving them from further payment.

In sum, *Schneider,* like *Peterson, Nix,* and *Darlak,* stands for the proposition that although a plaintiff may not directly appeal state discipline to federal court, he may obtain prospective relief simply by alleging that he was disciplined pursuant to an unconstitutional statute. As the plaintiff in this case, like those in *Schneider,* has done exactly that, the court finds that *Nix* and *Darlak* are on point, and that this action is one for prospective rather than retroactive injunctive relief within the meaning of § 1983.

### 2.

■ Defendant next argues that it may not be sued under § 1983 even for prospective relief, because it is protected by the doctrine of qualified immunity. Defendant claims that qualified immunity bars claims for injunctive relief because this doctrine

"is not just a defense against money damages; it is also an immunity from lawsuit and from going to trial." (DB 11).

In fact, the Eighth Circuit has held that "[q]ualified immunity applies only to damages, not to equitable relief...." *Stanley v. Magrath*, 719 F.2d 279, 284 n. 9 (8th Cir.1983) (dictum); *see also Tubbesing v. Arnold*, 742 F.2d 401, 403–04 (8th Cir.1984) (qualified immunity would entitle defendants to summary judgment as to public employee's damages claims, but not as to her claim for reinstatement).

Defendant cites *Mitchell v. Forsyth*, 472 U.S. 511, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985) in support of the proposition that the qualified immunity doctrine bars injunctive relief against state officials.

Defendant has completely misinterpreted the *Mitchell* case. In *Mitchell*, a person whose telephone had been illegally wiretapped sued the former U.S. Attorney General for damages. The district court granted summary judgment for plaintiff as to liability but scheduled further proceedings on the issue of damages. Defendant attempted to file an interlocutory appeal, and the Supreme Court allowed him to do so. The court held that the denial of qualified immunity was immediately appealable, because the right to such immunity "is an *immunity from suit* rather than a mere defense to liability; and, like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Id.* at 526, 105 S.Ct. at 2815 (emphasis in original). Thus, *Mitchell* is relevant only to the question of when a denial of the qualified immunity defense can be appealed, and is not relevant to whether the defense should be denied at all. Although no Eighth Circuit case is directly on point, cases in other circuits have rejected defendant's interpretation of *Mitchell*. *See Akins v. Bd. of Gov. of State Colleges and Universities*, 840 F.2d 1371, 1377–78 (7th Cir.), *vacated on other grounds*, — U.S. —, 109 S.Ct. 299, 102 L.Ed.2d 319 (1988) (rejecting in dictum the view that *Mitchell* bars suits for injunctive relief); *Prisco v. U.S. Dept. of Justice*, 851 F.2d 93, 95 n. 1 (3rd Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 2428, 104 L.Ed.2d 985 (1989) (citing *Mitchell* for

proposition that qualified immunity "has uniformly been applied in cases seeking money damages, not prospective relief.") Accordingly, the court finds that defendant's qualified immunity defense is wholly without merit.

## C.

■ Finally, defendant argues that its "decisions on discipline matters must be seen as judicial decisions which this court has no authority to review." *Muhammed*, 655 F.Supp. at 586. In *Muhammed*, defendants (the defendant in this case and certain unspecified defendants) suspended plaintiff's license to practice law based on allegations that plaintiff committed forgery. Plaintiff then filed suit in federal court, alleging that defendants' decision "was the result of racial and religious discrimination and was also made in retaliation for his having sought a hearing." *Id.* at 585. The court interpreted plaintiff's complaint as an attack on defendants' finding that he had in fact committed forgery, and accordingly granted defendants' motion for summary judgment.

The *Muhammed* court emphasized, however, that "plaintiff is not making a facial challenge to the rules under which he was disciplined", *id.* at 585, nor was plaintiff claiming "that if he committed forgery, he should not have been suspended." *Id.* See *also Peterson*, 635 F.2d at 1339 n. 4 (disciplined attorney may not challenge state proceeding on merits, but may attack "alleged federal constitutional infirmities in state proceedings.").

By contrast, in this case, plaintiff is making a facial challenge to the rules under which he was disciplined, and is not challenging defendant's underlying factual determinations. Thus, *Mitchell* is on point, *Muhammed* is not, and the motion to dismiss will be denied.