## Baldridge v. Matthews, Appellant.

Argued April 13, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*William Bruno,* for appellant.

*Elston C. Cole,* for appellee.

OPINION BY MR. JUSTICE JONES, June 28, 1954:

In this action for criminal conversation the jury returned a verdict for the plaintiff in the sum of $10,000 composed of $7,500 compensatory and $2,500 punitive damages. The defendant filed motions for judgment n.o.v. and for a new trial, both of which motions the learned court below refused. The refusal of a new trial was conditioned on the plaintiff's filing a remittitur for so much of the verdict as was in excess of $5,000. The remittitur was duly filed and judgment was entered

for the plaintiff on the reduced verdict. This appeal by the defendant followed. In addition to the lower court's refusal of the defendant's motion for judgment n.o.v., the appellant assigns here for error certain of the trial court's rulings on evidence, its refusal of a number of points for charge and portions of the charge. He also alleges that the plaintiff's attorney prejudiced the defendant's case by the use of leading questions and by improper argument to the jury, and that the verdict was excessive.

There is not a semblance of merit in the appellant's claim to judgment n.o.v. The common law has long furnished an aggrieved husband with a right of action for criminal conversation against his wife's adulterer: *Antonelli v. Xenakis,* 363 Pa. 375, 376, 69 A. 2d 102. The gravamen of the tort is the indulgence by the offender in sexual intercourse with another's wife without her husband's consent: *Antonelli v. Xenakis,* supra. And, as set forth in Restatement, Torts, §685,—"One who, without the husband's consent, has sexual intercourse with a married woman is liable to the husband for the harm thereby caused to any of his legally protected marital interests." This common law right of action in trespass for damages continues to exist in Pennsylvania; it was not abolished by the Act of June 22, 1935, P. L. 450, as amended: see *Antonelli v. Xenakis,* supra.

In the instant case the plaintiff, in his complaint, pleaded a prima facie case of criminal conversation and at trial adduced evidence to substantiate his averments which the defendant denied. The case was peculiarly one for the jury. As stated by the learned court below,— "The record is replete with corroborating facts and circumstances from which the jury could reasonably conclude that defendant did have intercourse with plaintiff's wife without his consent. To catalogue these facts would unnecessarily and unduly enlarge an already

voluminous treatment of the matter.[1] Defendant's contentions tested the credulity of the court and obviously that of the jury." The motion for judgment n.o.v. was, therefore, properly refused.

As to the motion for a new trial, the appellant alleges trial error in seven different particulars. The learned trial judge, in the opinion for the court en banc, sur the defendant's after-verdict motions, adequately and correctly disposed of six of the contentions which the appellant now renews here. We shall, therefore, confine ourselves to a discussion of the one remaining contention. No useful purpose would be served by our reiterating the reasoning of the court en banc in disposing of the others.

At trial, the plaintiff, in support of his allegation that his wife and the defendant had stayed overnight in a hotel tryst, sought to show that they had baggage with them when the defendant registered himself and companion as "Mr. & Mrs. W. D. Miller". The significance of the baggage would be in its confirmation of an intended overnight sojourn. To prove the presence of the baggage, the plaintiff called as a witness the hotel room clerk who was on duty when the defendant registered. The clerk testified, over the defendant's objection, that the room was not paid for in advance and that it was the uniform practice of the hotel to require payment in advance for lodging when the registrant was without luggage. The appellant argues that the testimony in respect of the hotel's practice was inadmissible since evidence as to how an act was done on other occasions is irrelevant for the purpose of showing what was done on a particular occasion, citing, inter alia,

---

[1] The trial lasted seven days, and the typewritten transcript of the testimony, which is before us *in forma pauperis*, consists of 571 legal cap pages.

*Roney v. Clearfield County Grange Mutual Fire Insurance Company*, 332 Pa. 447, 3 A. 2d 365, and *Veit v. Class and Nachod Brewing Company*, 216 Pa. 29, 64 A. 871. In so contending, the defendant fails to reflect accurately the rationale of the pertinent principles involved. The probative value of a person's habit or custom, as showing what was done on a particular occasion, is not open to doubt: see 1 Wigmore on Evidence (Third Edition), §92, p. 519 et seq. Whether evidence of such usage or habit is admissible to show what occurred in a specific instance depends on the "invariable regularity" of the usage or habit. To be admissible the usage must have "sufficient regularity to make it probable that it would be carried out in every instance or in most instances": Wigmore, loc. cit. supra. In the present case, it seems clear that the clerk's testimony as to the hotel's usage is such as to come within the compass of the Wigmore definition.

The cases cited by the defendant in this connection are not apposite. None of them involved usage or habit even remotely approaching fixed regularity. For example, in the *Roney* case, supra, the only evidence of usage was that, on a single previous occasion, an insurance agent did not fill out an application blank as he had at other times; in the *Veit* case, supra, the only evidence of usage, was that on a previous occasion the decedent had tampered with certain steam appliances. There was no showing of custom or usage in those cases such as there is in the present instance.

Our examination of the record convinces us that the case was tried and submitted by the learned trial judge capably and with utmost fairness to both sides and that the appellant has nothing of which justly to complain.

Judgment affirmed.