Bruce L. Penuel, Appellant *v.* Uwchlan Township Police Commission and Uwchlan Township Board of Supervisors and William M. Lally, Chairman of Board of Supervisors and Police Commissioner, Appellees.

Argued September 29, 1978, before Judges WILKINSON, JR., DISALLE and MACPHAIL, sitting as a panel of three.

*Joseph F. Wusinich, III,* for appellant.

*William H. Lamb,* for appellees.

OPINION BY JUDGE MACPHAIL, February 16, 1979:

On January 5, 1975, Bruce L. Penuel, the Appellant, was hired by the Township of Uwchlan (Township) as a full-time police officer for a probationary period of one year. On November 12, 1975, Penuel was orally dismissed from the police force by the Township Police Chief, William B. Brice, effective November 16, 1975. Penuel's dismissal had not been approved by the Township personnel board. In December Penuel wrote a letter to Brice requesting the reasons for his dismissal in writing. Brice did not comply with this request. On March 18, 1976, Penuel's attorney wrote the Township's Board of Supervisors a letter in which he requested a hearing on Penuel's dismissal. The Township refused to grant Penuel a hearing. Penuel then brought a mandamus action in the Chester County Court of Common Pleas against the Township Police Commission, the Township Board of Supervisors and William M. Lally, the Chairman of the Board of Supervisors and Police Commissioner, seeking reinstatement as a police officer with back pay or a full hearing on his dismissal or both. After a non-jury trial, the Court of Common Pleas of Chester County entered a verdict in favor of the defendants and this appeal followed.

Appellant alleges in his complaint that his dismissal was in violation of the provisions of the Act of June 15, 1951, P.L. 586, *as amended,* 53 P.S. §811 et seq. (hereinafter cited as the Police Tenure Act), and

the Act of June 5, 1941, P.L. 84, *as amended*, 53 P.S. §53251 et seq. (hereinafter cited as the Police Civil Service Act). The learned trial judge held that the Appellant's dismissal did not violate the Police Tenure Act, nor did it violate the provisions of Uwchlan Township Resolution No. 72-10 (Resolution). The trial judge did not discuss the provisions of the Police Civil Service Act. Because we find that the provisions of the Resolution are binding upon the Township officials and dispositive of the issue now before us, we need not decide whether the Police Tenure Act or the Police Civil Service Act apply to the facts of the case now before us.

It is true, as the trial judge states, that the Township may wish to offer greater protection to its employees than the statutes of the Commonwealth would normally provide. Township supervisors in second class townships are vested with broad authority by the Legislature with respect to the employment, compensation and termination of township police officers. Section 590 of The Second Class Township Law, Act of May 1, 1933, P.L. 103, *as amended*, 53 P.S. §65590. Where the Township supervisors exercise that authority, they are, of course, bound by their own rules.

Initially, we note that the Resolution was not included as a basis for relief in the Appellant's complaint. However, the Resolution was offered into evidence and accepted by the trial court without objection by the defendants. Where there is a variance between the *allegata* and the *probata*, unless there is an objection thereto, the variance is deemed to be waived. *Baldridge v. Matthews,* 378 Pa. 566, 106 A.2d 809 (1954). Accordingly, we believe the Township Resolution was properly before the trial court and is properly before us now.

The relevant provisions of the Resolution are as follows:

Section 3.4   All new full-time employees shall serve a probationary period as follows:

One (1) year for police

Six (6) months for salaried employees

Three (3) months for hourly employees

After the probationary period has ended, the personnel board, in the case of police officers, and the Township Manager, in the case of all other personnel, shall decide whether or not to hire the employee on a permanent basis.  Said decision shall be based on the performance of the employee and on the recommendations of the employee's superior.

.  .  .  .

Section 4.2   The tenure of every employee shall be conditioned on good behavior and the satisfactory performance of duties.  Any employee may be temporarily separated by layoff or suspension, or permanently separated by resignation or dismissal.

Section 4.3   Whenever there is lack of work or lack of funds requiring reductions in the number of employees in a department, the employees shall be laid off in the inverse order of their relative length and quality of service. All part-time employees shall be laid off before probationary employees, and all probationary employees shall be laid off before any full-time employees.

Section 4.4   When in the judgment of the Township Manager or Chief of Police, depending upon the jurisdiction, an employee's work performance or conduct justifies disciplinary action, the employee may be suspended without

pay for as many days as are deemed necessary.
The Township Manager or Chief of Police shall
file with the employee and the personnel board
a written notification containing a statement of
the reasons for the action taken. The employee
shall be notified not later than the effective date
of the action. The notice shall inform the em-
ployee that he shall be allowed two calendar
weeks from the effective date of the action to
file a reply with the personnel board request-
ing a hearing before the Board.

Section 4.5  An employee, other than police of-
ficers, may be dismissed or demoted by the
Township Manager for inefficient work or mis-
conduct. A police officer may be dismissed or
demoted only by the personnel board. The em-
ployee or police officer shall be given two-weeks
notice before such action is taken and may
request a hearing in accordance with Section
4.4 of this Article.

As we have noted, it is clear from the record that
the Appellant was dismissed orally by the Chief of
Police and that he never received notice of his dis-
missal, a statement of reasons for his dismissal nor
a hearing before the personnel board. The lower
court held that none of the foregoing duties imposed
upon the Township authorities by the Resolution ap-
plied to the Appellant here because he was only a pro-
bationary employee. The trial judge held:

> Any other reading of this document, and indeed
> of the statute itself, would totally emasculate
> the status of probation and would do away with
> the distinction between probationary and per-
> manent employees.

While any other decision may very well bring about
the result envisioned by the trial court, the appropri-

ate remedy is to change the Resolution rather than deny employees such rights as they may have under the plain language of the Resolution.

Throughout the Resolution, reference is made to "employees" with no distinction made between probationary employees and any other employees with the exception of the classification set forth in Section 3.4 and the order of reduction of employees set forth in Section 4.3. If the Township intended to exclude probationary employees from the provisions of Sections 4.4 and 4.5, it could have and should have done so specifically as did the Legislature in Section 2 of the Police Tenure Act, 53 P.S. §812. It will be easily observed in the Township Resolution before us here, with the single exception of the distinction set forth in Section 4.3 between probationary and full-time employees, the reference throughout the remainder of the Resolution is to "employee" without classification. Indeed, Section 4.5 specifically uses the term "*any* employee." (Emphasis added.) Having failed to specifically exclude probationary employees from the provisions of Sections 4.4 and 4.5, the Township was bound to accord to the Appellant all of the "employee" rights set forth in those sections, notwithstanding his probationary status.

By construing the Resolution in this manner, we guarantee to the Appellant and to all other employees of the Township their basic due process rights of adequate notice, the opportunity to be heard and the opportunity to defend themselves before a fair and impartial tribunal. *Commonwealth v. Devlin,* 460 Pa. 508, 333 A.2d 888 (1975).

Obviously, we do not decide whether the Appellant's conduct warranted his dismissal. All that we hold is that the Appellant was improperly dismissed by the Chief of Police without a written statement of the reasons for the action taken, without the oppor-

tunity to file a reply with the personnel board and without a hearing before that board.

Accordingly, we reverse.

There remains for our consideration the question of the relief to which Appellant is entitled. Since he was improperly dismissed, he must be reinstated for the duration of his probationary period, subject to the proper exercise by the Township of its right to dismiss employees under the Resolution as interpreted herein. Nothing that we have said herein is intended to impair the exercise of the personnel board's discretion in deciding whether to hire the Appellant on a permanent basis at the expiration of his probationary period.

Judge WILKINSON, JR. dissents.

### ORDER

AND Now, this 16th day of February, 1979, the order of the Court of Common Pleas of Chester County, Pennsylvania, entered October 28, 1977, is reversed. It is ordered that the Township of Uwchlan reinstate Bruce L. Penuel as a township policeman with probationary status.