417 A.2d 1136

## In re ESTATE of Paul CIAFFONI, Deceased.

**Appeal of Concetta CIAFFONI, Decedent's Widow, Robert J. Ciaffoni, Decedent's Son, and Margaret Ciaffoni Soviero, Decedent's Daughter.**

Supreme Court of Pennsylvania.

Argued March 11, 1980.

Decided April 30, 1980.

Reargument Denied June 16, 1980.

Milton D. Rosenberg, Rosenberg, Sewak & Pizzi, Washington, for Pittsburgh National Bank, court appointed personal representative.

Richard A. Sprague, Philadelphia, for Elizabeth Cowden.

Robert L. Ceisler, Washington, for Virginia Messa, et al.

Joseph M. Ludwig, Pittsburgh, for Paul A. Ciaffoni.

J. Brooke Aker, Norristown, for Concetta Ciaffoni, Robert J. Ciaffoni & Margaret C. Soviero.

David A. Gilmore, Pittsburgh, guardian ad item.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN and KAUFFMAN, JJ.

## OPINION

PER CURIAM:

Decree affirmed. Each party to pay own costs.

FLAHERTY, J., took no part in the consideration or decision of this case.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

This is an appeal from the probate of the will of decedent Paul Ciaffoni. Presented is the question whether evidence of fraud proffered by appellants was improperly ruled inadmissible by the orphans' court. The majority of this Court finds no error in this evidentiary ruling and summarily affirms. I dissent.

Paul Ciaffoni, a resident of Washington County, died on September 23, 1974. Decedent's widow Concetta Ciaffoni, seven children and twenty-three grandchildren survived him. Appellants Concetta Ciaffoni and two children, Robert J. Ciaffoni and Margaret Ciaffoni Soviero, challenged probate of a document dated May 10, 1968. They alleged that certain pages of the seven page document had been fraudulently substituted following execution. At the probate hearing, appellants sought to establish their allegation of fraud by introducing approximately forty previously probated wills, drafted by the same scrivener and typed in the scrivener's office, to show discrepancies between these comparison wills and the document offered for probate. The orphans' court excluded this evidence, withdrew the case from the

advisory jury and entered a decree in favor of the validity of the challenged document. Appellants took this appeal from the decree.

The orphans' court excluded the forty previously probated comparison wills because, in its view, testimony of the scrivener made it "obvious that any differences in typing or word use that the jury may have found among all those wills simply have no probative value in the Ciaffoni case." It is not disputed, however, that the scrivener drafted the probated comparison wills. Furthermore, the proponents of the will offered the testimony of the scrivener and his secretary that they prepared the challenged document now offered for probate.

This record and the previous decisions of this Court satisfy me that the orphans' court's exclusion of the probated comparison wills was erroneous. In deciding the question of admissibility, the court must consider whether the evidence sought to be admitted has probative value and is material to the issues in the case. I Wigmore on Evidence, § 10 (3d ed. 1940). Appellants offered the probated comparison wills as evidence of the scrivener's established practice in drafting testamentary documents. As this Court has stated, "[o]f the probative value of a person's habit or custom, as showing the doing on a specific occasion of the act which is the subject of the habit or custom, there can be no doubt." *Baldridge v. Matthews*, 378 Pa. 566, 570, 106 A.2d 809, 811 (1954) (quoting, I Wigmore on Evidence, § 92 (3d ed. 1940)). Accord, McCormick on Evidence, § 195 (2d ed. 1972). In this case, appellants' introduction of a large number of probated comparison wills would permit the fact finder an opportunity to compare the allegedly substituted pages of the document offered for probate with this scrivener's previously probated wills. Surely this evidence is probative on the material issue of fraudulent substitution of pages presented in this case. See also Moore, *Testimony of the Expert Document Examiner*, 22 U.Pitt.L.Rev. 675 (1961). Thus, the orphans' court's improper exclusion of this evidence denied appellants their right to establish the issue of fraudulent substitution of

pages, and precluded the fact finder from exercising its function of examining these probated comparison wills and determining the genuineness of the allegedly substituted pages.

The orphans' court's exclusion of this evidence is contrary to the rulings of this Court in *Lare's Will*, 352 Pa. 323, 42 A.2d 801 (1945) and *Kane's Estate*, 312 Pa. 531, 168 A. 681 (1933). In *Lare's Will*, this Court similarly compared typewriting samples in deciding that a substantial factual dispute had been raised by this evidence and that the orphans' court improperly "assumed the province of [the] jury" in deciding the issue. Such evidence was considered sufficiently probative to require consideration by the fact finder. Likewise in *Kane's Estate*, this Court approved use of typewriting samples for comparison with a challenged document. It is clear from this Court's decision in *Kane's Estate* that the comparison evidence was considered probative and material, as we held that evidence sufficient to support the Chancellor's findings. See also 42 Pa.C.S. § 6111 (expert testimony permitted to make comparison of documents).

Until today's order, this Court's rule in cases involving fraud has always permitted the widest possible latitude in the admission of evidence. *Young's Estate*, 347 Pa. 457, 32 A.2d 901 (1943); *Lappe v. Gfeller*, 211 Pa. 462, 60 A. 1049 (1905). Because the probated comparison wills appellants sought to introduce have probative value with respect to appellants' allegation of fraud under these decisions it is clear that the orphans' court erred in excluding this evidence. Additionally, appellants attempted to establish fraud by introducing expert testimony regarding the misalignment of indentations on the backer of the document offered for probate, statements of the decedent regarding the provisions of the document, and statements of a beneficiary regarding that individual's understanding of the testamentary dispositions. In light of my views on the issue of excluding evidence of probated comparison wills, I do not address the merits of these issues.

Accordingly, I would vacate the decree and remand for a new probate hearing.