446 A.2d 225

**In re ESTATE OF Paul CIAFFONI, Deceased.**

**Appeal of Robert J. Ciaffoni (Decedent's son).**

Supreme Court of Pennsylvania.

Argued Jan. 18, 1982.

Decided May 20, 1982.

Reargument Denied June 10, 1982.

268

Peter M. Suwak, Washington, for appellant.

Robert L. Ceisler, Washington, Michael Minkin, Richard A. Sprague, Mark E. Goldberg, Philadelphia, Milton D. Rosenberg, David L. Gilmore, Washington, for trustee, Elizabeth C. Cowden.

Joseph M. Ludwig, Pittsburgh, for Paul A. Ciaffoni.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, McDERMOTT and HUTCHINSON, JJ.

## OPINION OF THE COURT

PER CURIAM:

We shall treat this matter as an application pursuant to Pa.R.A.P. 105(a) for modification of the Rules of Appellate Procedure to allow a second application for reargument. See *Aiken Industries, Inc. v. Wilson*, 482 Pa. 625, 394 A.2d 497 (1978); *United States v. Ohio Power Co.*, 353 U.S. 98, 77 S.Ct. 652, 1 L.Ed.2d 683 (1957). See also Pa.O.C. Rule 2.1.

On their direct appeal, appellants challenged the decree of the Orphans' Court Division of the Court of Common Pleas of Washington County upholding the validity of the probated will of decedent Paul Ciaffoni against a claim that pages of the will had been fraudulently substituted after its execution. Appellants argued that the orphans' court had improperly ruled inadmissible some forty probated wills of other decedents, both predating and postdating the decedent's will, which had been drafted by the purported scrivener of the decedent's will and typed by the scrivener's secretary. Appellants had sought to establish that elements of style common to these wills were absent from the decedent's will. The exclusion of these comparison wills resulted in the disallowance of expert testimony which would have explained the significance of the stylistic deviations. The exclusion also contributed to the disallowance of extrinsic evidence relating to the challenged will, including declarations of the testator. This Court affirmed the decree per curiam, without opinion; it then denied a petition for reargument. 491 Pa. 46, 417 A.2d 1136 (1980).*

Shortly after the denial of reargument, appellants filed a "Motion for New Trial, Nunc Pro Tunc," with the orphans' court. That motion was denied, as was a subsequent motion for a new trial. These appeals followed.

---

* Mr. Justice Flaherty did not participate in the consideration or decision of the case or of the petition for reargument. Mr. Justice Roberts filed a dissenting opinion and dissented from the denial of reargument.

After a re-examination of the record of the will contest hearings, we are convinced that the excluded wills were properly offered in support of appellants' claim that pages of the challenged will had been fraudulently substituted. See *Lare Will*, 352 Pa. 323, 42 A.2d 801 (1945); *Kane Estate*, 312 Pa. 531, 168 A. 681 (1933). See generally *Baldridge v. Matthews*, 378 Pa. 566, 106 A.2d 809 (1954); 1 Wigmore on Evidence § 92 (3d ed. 1940). Because there has been no final distribution pursuant to the probated will, the interests of justice require that appellants be afforded an opportunity to present their evidence of fraud to a factfinder.

Application granted. The order of this Court denying reargument is reversed; the order affirming the decree of the orphans' court is vacated. The decree of the orphans' court upholding the validity of decedent's will is vacated and the record remanded for proceedings consistent with this opinion. Costs to be borne by the estate.

FLAHERTY, J., did not participate in the consideration or decision of this case.