Concetta CIAFFONI and Robert J. Ciaffoni, Plaintiffs,

v.

SUPREME COURT OF PENNSYLVANIA, an agency of the Commonwealth of Pennsylvania and Honorable Henry X. O'Brien, The Honorable Samuel J. Roberts, Honorable Robert Nix, Jr., Honorable Rolf Larsen, Honorable John P. Flaherty, Jr., Honorable William D. Hutchison, Honorable James T. McDermott, individually and in their capacities as Justices of the Supreme Court of Pennsylvania; Honorable Michael Eagen, Honorable Bruce Kauffman, individually and in their former capacities as Justices of the Supreme Court of Pennsylvania; Honorable Alexander Barbieri, individually and as Court Administrator of Pennsylvania, and The Judicial Inquiry & Review Board, an agency of the Supreme Court of Pennsylvania, et al., Defendants.

Civ. A. No. 82–0779.

United States District Court, D. Pennsylvania.

Nov. 15, 1982.

Peter M. Suwak, Washington, Pa., for plaintiffs.

Howland W. Abramson, Philadelphia, Pa., Milton D. Rosenberg, Harold R. Schmidt, Washington, Pa., Edward C. Schmidt, Pittsburgh, Pa., Robert L. Ceisler, Michael Minkin, Philadelphia, Pa., for defendants.

## OPINION

ZIEGLER, District Judge.

Presently before the court are the Rule 12(b) motions of defendants to dismiss the original and amended complaints for want of justiciability, standing, ripeness and mootness. We hold that the complaints of plaintiffs fail to state a case or controversy as required by Article III and therefore the motions of defendants to dismiss must be granted.[1] We also hold that assuming the subsequent developments in state court have not rendered the action moot, the teachings of *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 639 (1971) require this court to abstain.

The genesis of this bitter dispute is a will contest that apparently has been litigated for many years in the courts of the Commonwealth of Pennsylvania. *See In re Es-*

tate of Ciaffoni, 491 Pa. 46, 417 A.2d 1136 (1980) (*Ciaffoni I*); *In re Estate of Ciaffoni,* —— Pa. ——, 446 A.2d 225 (1982) (*Ciaffoni II*).

On April 30, 1982, plaintiffs instituted the instant civil action alleging a deprivation of due process and equal protection predicated on the Fourteenth Amendment and the Civil Rights Act of 1871, 42 U.S.C. § 1983. Plaintiffs contend that they were denied a fair trial and impartial appellate review of their cause due to alleged malevolence, conflicts of interest, bias and other perceived irregularities involving present and former members of the state judiciary and certain members of the bar. However, because "the truth seldom catcheth the lie," we are constrained to observe that the allegations of plaintiffs are not proof of wrongdoing by any past or present public official of the Commonwealth of Pennsylvania. Indeed, defendants have denied each and every allegation in their instant motions and as a matter of record at the status conference of September 1, 1982.

On May 20, 1982, the Supreme Court of Pennsylvania reversed its previous holding and granted a new trial in the underlying dispute. *In re Estate of Ciaffoni,* —— Pa. ——, 446 A.2d 225 (1982). The proponents of the will petitioned the United States Supreme Court for certiorari and that matter is pending. (1982). Thus we are confronted with the question of whether the decision of the highest court of Pennsylvania, which was filed subsequent to the original complaint, moots this action since plaintiffs will be afforded the opportunity to contest the validity of the will admitted to probate in the Court of Common Pleas of Washington County, Pennsylvania. We conclude that it does.

## A.

██ Our decision to dismiss is compelled by the relief sought by plaintiffs. In Count 1, plaintiffs would have this court vacate

---

1. The Article III requirement of case or controversy leads to consideration of justiciability, standing, ripeness and mootness since they deal in a constitutional dimension with the power of a federal court to adjudicate a cause of action. *Warth v. Seldin,* 422 U.S. 490, 498–501, 95 S.Ct. 2197, 2204–05, 45 L.Ed.2d 343 (1974).

the judgment of the Supreme Court of Pennsylvania dated April 20, 1980, and conduct "an evidentiary hearing on the issue of the extent of the involvement of the Honorable John P. Flaherty during the course of the plaintiffs' initial appeal to the Pennsylvania Supreme Court." *See* Original Complaint at 11–12. Since the Supreme Court of Pennsylvania has now granted the relief sought by plaintiffs by reversing the holding in *Ciaffoni I,* and because Justice Flaherty did not participate in either decision, there is no basis for federal jurisdiction predicated on Count 1.

In Count 2, plaintiffs would have this court (a) enjoin the participation of a jurist of the state's highest court "in the forthcoming decision of the Pennsylvania Supreme Court regarding the appeal of the plaintiffs," (b) "enter an injunction directing that Richard Sprague not participate in the Ciaffoni estate litigations," and (c) supervise the activities of the Judicial Inquiry and Review Board of Pennsylvania in an investigation of a member of the Supreme Court of Pennsylvania. *See* Original Complaint at 17–18. We decline because this court has neither the inclination nor the jurisdiction to sit as an ongoing supervisor of the business of the state courts.

First, we have no power or basis to enjoin a justice of the Supreme Court of Pennsylvania from sitting in judgment of any matter. Second, plaintiffs no longer have any matter pending before that Court. Third, the fact that Richard Sprague is counsel for the will proponents and also serves as a special investigator for the Judicial Inquiry and Review Board in an investigation of a judge of the Commonwealth of Pennsylvania provides no basis for federal jurisdiction, even if we assume that all allegations advanced by plaintiffs are correct. Representation of diverse interests is not uncommon to prominent members of the bar and it cannot serve as a predicate for the disqualification of counsel in this or any other court. Moreover, there are no facts well pleaded to support plaintiffs' assertion that disqualification of Richard Sprague is required in the litigation in Washington County.

Finally, a federal court has no authority, under these circumstances, to supervise the investigations of the Judicial Inquiry and Review Board or to order that certain information be made available for "independent evaluation." Plaintiffs' arguments of alleged bias and other objections should be made to the trial court when the will contest is called for trial in the Court of Common Pleas of Washington County and, if relief is denied, to the appropriate appellate court.

In Count 3, plaintiffs would have this court assume jurisdiction of the will contest and enjoin "the estate coadministrators from taking further action ... as might affect the property rights of the plaintiffs." Simply put we have no power to issue such an order and plaintiffs' citation to the Constitution of the United States does not transpose this local dispute into a federal question.

The reason for the rule is clear. Even if we assume that the allegations of plaintiffs are true, there is no basis to conclude that the alleged conduct is endemic. As the Supreme Court has noted in the context of Article III jurisdictional questions, "while past wrongs are evidence bearing on whether there is a real and immediate threat of repeated injury, the attempt to anticipate under what circumstances the respondents there would be made to appear in the future before petitioners takes us into the area of speculation and conjecture." *Rizzo v. Goode,* 423 U.S. 362, 372, 96 S.Ct. 598, 604, 46 L.Ed.2d 561 (1975). Here the possibilities are myriad. Plaintiffs may have no objection to the trial judge to whom the case is assigned on remand in Washington County. Or they may prevail in the lower court. Or they may prevail before a jury. Or they may prevail on appeal. Or they may not appeal. Or the Supreme Court of Pennsylvania may deny certiorari. Or the case may be settled.

The Supreme Court of the United States recently discussed the exception to the mootness doctrine but it too is of little solace to plaintiffs. *See Murphy v. Hunt,*

455 U.S. 478, 102 S.Ct. 1181, 71 L.Ed.2d 353 (1982). There the Court held that the district court was without jurisdiction in a civil action predicated on 42 U.S.C. § 1983 because the order of the Nebraska Supreme Court was moot and not "capable of repetition, yet evading review." *Id.* at 482, 102 S.Ct. at 1183. The Court noted the exception requires that (1) the challenged action be too short in duration to be fully litigated prior to cessation, and (2) there is a reasonable expectation that the "complaining party would be subjected to the same action again." *Id.*

■ Here the challenged action may be fully litigated in the state courts of Pennsylvania by virtue of the decision of the Supreme Court of Pennsylvania in *Ciaffoni II.* Moreover, there is no reasonable expectation from our reading of the pleadings and papers that plaintiffs will not receive a full and fair hearing on the merits. We hold that the original complaint of plaintiffs fails to state a claim on which relief may be granted because there is no case or controversy before this court as required by Article III and therefore the action must be dismissed.

### B.

The amended complaint is no better. In Count 1, plaintiffs rehearse the accusations set forth in the original complaint with the following addition: "The timing of the reargument grant (nearly two years after the initial appeal decision and twenty days after the filing of the instant law suit) strongly indicated that the Court believed there was a compelling likelihood that the challenged will had been subjected to fraudulent tampering and that justice had not been served at the time of the initial appeal." Amended Complaint at 2.

■ Such unfounded conclusions do not constitute facts well pleaded so as to establish a case or controversy as required by the Constitution. As we have noted, the order of the highest court in Pennsylvania affords plaintiffs with the opportunity to present their claim that the will of Paul Ciaffoni was altered. Hence the demand that this

court reverse the judgment of the Supreme Court of Pennsylvania in *Ciaffoni I* has been rendered moot.

■ Count 2 of the amended complaint is a repetition of the allegations previously found wanting in our discussion of the original complaint. Sufficient facts are absent to establish federal jurisdiction. Thus whatever federal claims plaintiffs may perceive to exist against some of the instant defendants following trial and an appeal in the state courts of Pennsylvania may be presented in due course in a federal forum through a declaratory judgment action, 28 U.S.C. § 2201, an action under 42 U.S.C. § 1983, or in a petition to the United States Supreme Court for certiorari. The relief sought in Count 2 is not ripe for adjudication and this court is without jurisdiction under Article III. *See Peterson v. Sheran,* 635 F.2d 1335, 1341 (8th Cir.1980).

Count 3 is to the same effect. This court has no jurisdiction, under these circumstances, to become involved in the workings of the state courts because plaintiffs have the opportunity to present their federal and non-federal claims to the state courts in which these local disputes are pending and we are confident that the state courts are fully competent to resolve these matters. Whatever federal claims remain when these issues are resolved may be addressed in due course. At present plaintiffs' claims, if any, are not ripe for consideration by a federal court.

### C.

■ There are also sound policy reasons that militate against consideration of plaintiffs' federal claims at this time apart from the constitutional question of justiciability. Federal courts have jurisdiction over claims that state judicial proceedings have resulted in deprivations of federal constitutional rights, *see, e.g., Harris County Comm'rs Court v. Moore,* 420 U.S. 77, 88–89, 95 S.Ct. 870, 877–78, 43 L.Ed.2d 32 (1975); *Peterson v. Sheran,* 635 F.2d 1335 (8th Cir.1980), but the timing is important, particularly when significant state interests are involved.

Here plaintiffs will have the opportunity to present their contentions of want of due process, equal protection and bias to the state courts since Pennsylvania law affords an adequate opportunity to do so. Moreover, while most of the facts cited by plaintiffs are little more than unfounded conclusions, and while most of their conclusions suffer from what logicians refer to as the twin fallacies of false cause and non sequitur, there can be no doubt that the state courts have a genuine interest in considering and resolving allegations of bias and prejudice, however frivolous they may be.

Our decision to abstain, as an alternate holding, is consistent with the recent teachings of the Supreme Court in *Middlesex County Ethics Comm. v. Garden State Bar Assoc.,* —— U.S. ——, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982). The Court stated:

> *Younger v. Harris,* 401 U.S. 37[, 91 S.Ct. 746, 27 L.Ed.2d 639] (1971), and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. The policies underlying *Younger* abstention have been frequently reiterated by this Court. The notion of 'comity' includes 'a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways.' *Id.,* at 44[, 91 S.Ct. at 750]. Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights.

102 S.Ct. at 2521.

■ Accordingly we hold that abstention is required because: (1) state judicial proceedings are ongoing; (2) the proceedings implicate important state interests; (3) there exists an adequate opportunity for plaintiffs to raise constitutional challenges in these proceedings; (4) the state procedure and rules are not flagrantly or patently unconstitutional; and (5) there are no facts well pleaded that permit this court to conclude that plaintiffs have or will be subjected to bad faith, harassment or other exceptional circumstances in presenting their contentions to the state courts of Pennsylvania.

The motion of defendants to dismiss the original and amended complaints will be granted. We will delay the entry of such an order for 30 days, however, to permit defendants the opportunity to file motions for counsel fees and discovery relative to their contention advanced at the conference of September 1, 1982, that the complaints of plaintiffs were filed in bad faith and for the purpose of delay. The motion of plaintiffs for limited discovery will be denied.