## Klischer v. Conyngham Township

414

C.P. of Columbia County, no. 1494-1999.

*Eric C. Stoltenberg,* for petitioner.
*Nicholas A. Quinn,* for respondent.

JAMES JR., *J.,* April 28, 2000—Petitioner, George Klischer, was employed by respondent as a full-time police officer from 1990 until April 12, 1999, when respondent terminated him. From August 4, 1997, until the time of his termination, petitioner was disabled from performing his police duties, and he was receiving work-related disability benefits pursuant to the Pennsylvania Heart and Lung Act (53 P.S. §637) and pursuant to the Pennsylvania Workers' Compensation Act (77 P.S. §1 et seq.). During 1998 there was continuing litigation and controversy concerning these benefits. At one point, respondent had "inappropriately" stopped petitioner's medical benefits, but reinstated them after petitioner's counsel intervened.

Sometime between July and October 1998, Township Supervisor Reichwein verbally asked petitioner to return township property in petitioner's possession or control. There was no list of specific or general items requested.

By letter dated November 27, 1998, respondent requested that petitioner "return all township property," specifically mentioning "police coats and badges" and "post box key." No other specific items were mentioned. The letter further stated that if "township property is not returned by December 1, 1998 discipline action will occur." [sic] Petitioner gave this letter to his attorneys, Sean Welby, Esquire, and Hugh A. Jones, Esquire. Attorney Welby sent a letter dated December 1, 1998, to respondent. This letter said, "I received a call from Chief Klischer this morning advising that he has been directed to return all township property to the board of supervisors. Chief Klischer advises that he received this correspondence today with a deadline to return such equipment to the township on this date or face disciplinary action. The purpose of this correspondence is to inquire as to exactly what equipment the township wishes Chief Klischer to return to it. If such equipment includes his badge and identification card, I must inquiry [sic] as to whether the township is terminating his employment." Respondent never responded.

Attorney Jones sent a letter to respondent dated December 21, 1998, which addressed the health insurance issue and further said, "I assume the other items mentioned in your letter have already been dealt with." Respondent never responded.

However, respondent sent petitioner another letter dated December 23, 1998, which again requested return of "township property" and specifically mentioned the "police coats and badges" and the "post box key." No other specific items were mentioned. The December letter further stated: "Under section 300 of the police department rules and regulations sub-section 1 (refusal to

obey a reasonable order of a board member). By this correspondence you are notified that this serves as a verbal warning for noncompliance to this rule. You have until January 4, 1999, to comply with this request or face more discipline action." [sic] The township secretary was directed to send the letter by certified mail. It was sent by regular mail. Petitioner disputed receiving this letter.

By letter to petitioner dated April 12, 1999, respondent said: "Over the last several months the Conyngham Township Supervisors have made several requests that you return *all* township property. Because of lack of your cooperation, you leave Conyngham Township Supervisors with no other option. In accordance with the Conyngham Township Police Department Rules and Regulations section 300 sub-section 1 you are hereby terminated as Conyngham Township police officer." [sic]

Petitioner was never disciplined for the verbal request of approximately October 1998. Respondent did nothing to record, indicate, decide, or communicate that this incident was an "offense" under section 300 sub-section 1 or under any other rule or law.

Petitioner was never disciplined for the written request of November 27, 1998. Respondent did nothing to record, indicate, decide, or communicate that this incident was an "offense" under section 300 sub-section 1 or under any other rule or law.

By letter of December 23, 1998, respondent first indicated that there was some discipline imposed, but that the discipline was a "verbal warning." Respondent did nothing to record, indicate, decide, or communicate that this incident was an "offense" under section 300 sub-section 1 or under any other rule or law.

Petitioner demanded and was granted a hearing before an arbitrator under the "Police Tenure Act," 53 P.S. §811 et seq. The hearing was held on July 6, 1999. The arbitrator rendered his findings of fact and conclusions of law on October 10, 1999. The determination was that "the township had cause to terminate the employment of Klischer. All requirements of the police rules and regulations were followed concerning notice and steps of discipline. The township's decision to terminate will not be disturbed."

Petitioner appealed this determination to this court pursuant to 2 Pa.C.S. §752. When a full and complete record is made of the proceeding before the local agency, the common pleas court shall hear the appeal without a jury and based on the certified record of the agency. "After hearing the court shall affirm the adjudication unless it shall find that the adjudication is in violation of the constitutional rights of the appellant, or is not in accordance with the law, or that the provisions of subchapter B of chapter 5 (relating to practice and procedure of local agencies) have been violated in the proceedings before the agency, or that any finding of fact made by the agency and necessary to support its adjudication is not supported by substantial evidence." 2 Pa.C.S. §754.

A regular full-time police officer in a second class township, such as Conyngham Township, may be removed for various reasons, including "disobedience of orders." Procedurally, "a written statement of any charges made against any person so employed shall be furnished to such person within five days after the same are filed." 53 P.S. §812. Conyngham Township Police Department Rules and Regulations supplement the statutory procedure set forth in the Police Tenure Act. A township may

wish to offer greater protection to its employees than the statutes of the Commonwealth normally provide. When the township supervisors exercise their authority over township police officers, they are bound by their own rules. *Penuel v. Uwchlan Township Police Commission,* 40 Pa. Commw. 512, 514, 397 A.2d 865, 867 (1979).

Although the "police rules" indicate that "the following list of penalties is intended to serve as a guide for, and is not intended to be construed as binding, as to recommendations of the board," the "police rules" set forth various standards and procedural policies under the heading "discipline policy," *e.g.:*

"B. . . . therefore, all allegations of wrongdoing must be documented or otherwise capable of being shown to have been based on reasonable belief . . . . It is expected that the board will exercise its responsibility in processing disciplinary cases promptly . . . .

"C. Rights of members of the department: A member accused of violating any department regulations shall be fully informed of the nature of the allegations and the name of the person making the accusation in writing by the board.

"D. Internal investigation: . . . Internal investigations shall be conducted by a designee appointed by the board. The designee assigned shall conduct a thorough and complete investigation into the accusations against the officer. Written reports shall be made to the board and the investigating designee's recommendations, if any, shall be so noted upon the final written report to the board . . . .

"Section 300 'insubordination' sub-section 1 refusal to obey a legal and reasonable order of a superior officer or board member.

"First offense—5 to 30 days.

"Second offense—15 days to dismissal

"Third offense—dismissal

"Reckoning period—1 year."

From Township Supervisor Tarlecki's testimony and from respondent's counsel's brief, respondent clearly interpreted the "police rules" to require a "three strike" policy under section 300 sub-section 1. Actually, for respondent to terminate petitioner, there must be at least two offenses, not necessarily three (the penalty for the second offense is "15 days to dismissal"). Prior to the arbitrator's hearing, respondent never found, decided, determined, or communicated to anyone, including petitioner, that petitioner had committed any offense.

"Due process requirements are fully applicable to adjudicative hearings involving substantial property rights before administrative tribunals." *Lewis v. School District of Philadelphia,* 690 A.2d 814, 816-17 (Pa. Commw. 1997). (footnote omitted) Township police officers have a property right in their expectation of continued employment, as set forth in the Police Tenure Act, *supra.* Thus, the township supervisors must comply with procedural due process safeguards when dismissing police for cause.

Procedural due process safeguards were denied petitioner in several respects. First, if respondent considered the first two incidents to constitute "offenses" under their own rules, it should have provided petitioner with reasonable notice of a hearing and opportunity to respond. See 2 Pa.C.S. §504. The determination of an "offense" in this case constitutes an adjudication under 2 Pa.C.S. §101. In order to qualify as an adjudication, requiring notice and hearing, a two-prong test must be met: (1) The action of the board must be the agency's final order,

decree, decision, determination or ruling and (2) the action must impact on a person's personal or property rights, privileges, immunities, duties, liabilities or obligations. *Guthrie v. Borough of Wilkinsburg,* 505 Pa. 249, 255, 478 A.2d 1279, 1281 (1984). Unlike a letter of warning (see *Guthrie, supra*), under respondent's own rules, an "offense" subjected petitioner to suspension. The second offense could possibly lead to termination. Surely the third offense would lead to termination. Thus, the first offense was the first step in a series, each one alone or cumulatively affecting petitioner's personal and/or property rights. Petitioner's due process rights to notice and hearing on the first two offenses were denied. The arbitrator's decision in this respect constituted an error of law.

Second, there is nothing in the record to indicate that petitioner had committed a first or second offense as required by the township's own rules. See section 300 subsection 1. There was no adjudication of an offense. Moreover, there was no determination, record, or communication to petitioner or anyone else that petitioner had committed an "offense." Under respondent's own rules, termination could not occur without at least one prior offense. The arbitrator's decision in this respect was not supported by substantial evidence and constituted an error of law.

Third, respondent violated numerous other "police rules." Respondent did not act "promptly" in processing the disciplinary cases. ("Police rules" II B.) Actually, it failed to take any disciplinary action at all, other than to issue a "verbal warning" in the December 23, 1998 letter. Respondent failed to "fully inform" petition of the nature of the allegations made against him. ("Police rules"

II C.) The requests for the return of "all township property," coupled with specific requests for clothes, badges, and post box key, were confusing. In light of the specific requests and the attendant litigation concerning petitioner's job, counsel for petitioner appropriately questioned whether petitioner's job was being terminated and "exactly what equipment the township wishes Chief Klischer to return to it." (Exhibit A-7.) This litigation could conceivably have been avoided if respondent had simply responded to the request for specific information.[1] In addition, contrary to its own rules, no written report of any investigation concerning the three alleged "offenses" was ever made to the board. ("Police rules" II D.) Respondent's violations of its own rules denied petitioner due process. In particular, petitioner surely had a right to know what specific property respondent wanted returned, particularly in light of the dispute about dis-

---

1. Respondent's request for property is certainly proper, and it is petitioner's obligation to comply. Any items such as clothes and badges that petitioner paid for by him should be reimbursed. The police files (which were never specifically requested) should be turned over to respondent in an orderly and professional manner. If it wishes, respondent should make a specific request for the items of township property that it wants returned. If petitioner does not comply, respondent is not precluded from taking action to discipline or terminate him under the specific sections or the broader sections of its "Disciplinary Code." The Disciplinary Code in the "police rules" indicates that "Repeated violations of department rules and regulations or any conduct indicating a member has little regard for the obligations of the police department or board of supervisors shall be cause for the dismissal of such member." Under this section the "three strike" procedure would not be necessary, although the provisions of the Police Tenure Act and other appropriate sections of the "police rules" and the Local Agency Law should be followed.

ability benefits and the question about employment that lurked in the background of this case.

The arbitrator's decision was not supported by substantial evidence and contained conclusions constituting errors of law.

## ORDER

And now, April 28, 2000, the arbitrator's decision is reversed and petitioner is reinstated with back pay and benefits retroactive to April 12, 1999.