J. A20008/19

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
v. :
:
JOHN HARLEY LUMSDEN, : No. 305 MDA 2019
:
Appellant :

Appeal from the Judgment of Sentence Entered February 13, 2019,
in the Court of Common Pleas of Franklin County
Criminal Division at No. CP-28-CR-0001032-2017

BEFORE: GANTMAN, P.J.E., McLAUGHLIN, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.: **FILED JANUARY 06, 2020**

John Harley Lumsden appeals from the February 13, 2019 judgment of sentence of an aggregate 12 months to 3 years' incarceration entered in the Court of Common Pleas of Franklin County after a jury convicted appellant of two counts of indecent exposure and one count of open lewdness. [1] We affirm.

The record reveals that on March 7, 2017, Officer Michael Taylor, a police officer with the Chambersburg Area School District, received information that a man was exposing himself while sitting in a car parked on the bus-ramp portion of the Chambersburg Area High School property. (Notes of testimony, 12/17/18 at 30-37.) Upon reviewing the video surveillance record, Officer Taylor was able to obtain the license plate number of the

_____

[1] 18 Pa.C.S.A. §§ 3127(a) and 5901, respectively.

vehicle involved in the incident, which Officer Taylor determined belonged to "John Lumsden of Shippensburg." (*Id.* at 38-39.) Officer Taylor did not believe appellant owned the vehicle.[2] (*Id.* at 39.) Officer Taylor contacted Officer Eric Varner of the Shippensburg Police Department and asked Officer Varner to locate the vehicle and inform the "owner/operator" that Officer Taylor wished to speak with him. (*Id.* at 39-40.)

On March 8, 2017, Officer Varner, who was familiar with appellant, located the vehicle and appellant, informed appellant that Officer Taylor wished to speak to him, and called Officer Taylor on his work phone before handing the phone to appellant. (*Id.* at 79-83.) During the phone conversation, appellant agreed to meet Officer Taylor at 10:00 that morning. (*Id.* at 40.) Appellant failed to meet with Officer Taylor at the designated time. (*Id.* at 41.) Later that same day, Officer Taylor received a message from appellant that he had a flat tire, that he was unable to meet with Officer Taylor, and that he hoped he could settle the matter over the phone. (*Id.*) The phone message was the last time Officer Taylor heard from appellant before filing charges against appellant for two counts of indecent exposure and one count of open lewdness. (*Id.*; *see also* criminal complaint, 3/16/17.)

---

[2] We note appellant testified that the vehicle was registered to his father, John Edward Lumsden. (Notes of testimony, 12/17/18 at 92.)

On December 17, 2018, a jury convicted appellant of the aforementioned crimes. On February 13, 2019, the trial court sentenced appellant to an aggregate 12 months to 3 years' incarceration. Appellant did not file any post-sentence motions. On the same day as sentencing, appellant filed a notice of appeal, and the trial court ordered appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). (**See** notice of appeal, 2/13/19; **see also** trial court order, 2/13/19.) The trial court also instructed appellant to request the transcripts required to support any appeal claims pursuant to Pa.R.A.P. 1911. (**See** trial court order, 2/13/19.) Later that same day, appellant filed his Rule 1925(b) statement. (**See** Rule 1925(b) statement, 2/13/19.) The trial court filed its Rule 1925(a) opinion on April 2, 2019.[3]

Appellant raises the following issues for our review:

> 1. Did the [t]rial [c]ourt err or abuse its discretion by refusing to allow [appellant's] attorney to call [appellant's] girlfriend to testify that it was [appellant's] norm to always walk her children

---

[3] We note that the trial court, in its Rule 1925(a) opinion, did not address any of appellant's issues on the merits but, instead, stated that appellant failed to request the trial transcripts necessary to resolve appellant's issues. (Trial court opinion, 4/2/19 at 2.) The trial court opined that appellant waived all the issues raised on appeal and requested this court dismiss the appeal. (**Id.** at 3.) The record reveals that the transcript of appellant's jury trial was "lodged" with the trial court on April 11, 2019, and entered on the docket on April 22, 2019. Our review of the record adequately apprises us of the trial court's reasoning with regard to the issues raised by appellant. Therefore, we address the merits of appellant's issues. **See Commonwealth v. Hood**, 872 A.2d 175, 178 (Pa.Super. 2005) (holding lack of trial court's addressing of issues in Rule 1925(a) opinion is not always fatal to this court's review when we can look to record to ascertain trial court's reasoning).

to school at the time of the alleged incident, even though she could not testify that he did so on the day of the alleged incident?

2. Did the [t]rial [c]ourt err or abuse its discretion by permitting the prosecuting attorney to both cross[-]examine [appellant] on his failure to speak to police after [appellant] became a person of interest in the police investigation and to then comment upon that to the jury?

3. Did the [t]rial [c]ourt err or abuse its discretion by permitting the prosecuting attorney to comment to the jury that [appellant] did not bring forth proof of his innocence at his preliminary hearing?

Appellant's brief at 5.

Appellant challenges the trial court's ruling to preclude testimony from Kathy Dennis, his girlfriend. (*Id.* at 8-10.) Appellant argues that the testimony was permissible pursuant to Pennsylvania Rule of Evidence 406, which allows for admission of evidence of a person's habit. (*Id.* at 9.) Appellant contends it was his habit each morning to walk his girlfriend's children to the bus stop. (*Id.* at 8; *see also* notes of testimony, 12/17/18 at 108.)

In reviewing a trial court's evidentiary ruling, this court has stated, "[t]he admissibility of evidence is solely within the discretion of the trial court and will be reversed only if the trial court has abused its discretion." *Commonwealth v. Mendez*, 74 A.3d 256, 260 (Pa.Super. 2013) (citation omitted), *appeal denied*, 87 A.3d 319 (Pa. 2014). Pennsylvania Rule of Evidence 406, in pertinent part, states, "[e]vidence of a person's habit . . .

may be admitted to prove that on a particular occasion the person . . . acted in accordance with the habit . . . . The court may admit this evidence regardless of whether it is corroborated or there was an eyewitness." Pa.R.E. 406. "For evidence of habit to be admissible, the habit must have occurred with sufficient regularity to make it probable that it would be carried out in every instance or in most instances." **Commonwealth v. Harris**, 852 A.2d 1168, 1178 (Pa. 2004), citing **Baldridge v. Matthews**, 106 A.2d 809, (Pa. 1954). This court explained, "[h]abit refers to the type of nonvolitional activity that occurs with invariable regularity. It is the nonvolitional character of habit evidence that makes it probative. Thus, habit is a consistent method or manner of responding to a particular stimulus. Habits have a reflexive, almost instinctive quality." **Sutch v. Roxborough Mem'l Hosp.**, 151 A.3d 241, 252 (Pa.Super. 2016) (citation omitted), **appeal denied**, 169 A.3d 1065 (Pa. 2017). "A habit is the person's regular practice of meeting a particular kind of situation with a specific type of conduct, such as the habit of going down a particular stairway two stairs at a time." **Id.** (ellipsis omitted).

Here, when asked for an offer of proof as to the witness's potential testimony, appellant's counsel explained,

> [s]he lives with [appellant] and would testify that it was his practice every morning at the time in question to have walked her children to the bus stop in Shippensburg, Pennsylvania and I have said her [sic] practice -- this practice, specifically.[sic] Because she cannot say and will not say that that occurred definitively on the date of the incident.

Notes of testimony, 12/17/18 at 89-90.  The trial court stated, "[i]f that's the extent of the offered testimony, I would agree" that the testimony is not probative or relevant to anything that occurred on the date of the incident and, therefore, was not admissible.  (**Id.** at 90.)  Appellant's walking of the girlfriend's children to the bus stop is not the type of nonvolitional, reflexive, instinctive, habitual activity contemplated by Pennsylvania Rule of Evidence 406.  **See**, **e.g.**, **Sutch**, 151 A.3d at 252 (explaining, manner in which doctor treats patients with particular symptoms is not reflexive, instinctive, semi-automatic, or mundane habit).  Therefore, we discern no abuse of discretion in the trial court's exclusion of the witness's testimony.

Appellant next contends the trial court erred in allowing the Commonwealth to mention to the jury in its opening remarks that appellant failed to appear for a scheduled interview with Officer Taylor about the incident.  (Appellant's brief at 10-14; **see also** notes of testimony, 12/17/18 at 3-5.)  Appellant also contends the trial court erred in permitting the Commonwealth to cross-examine appellant about his failure to appear for the scheduled interview.  (Appellant's brief at 10-14; **see also** notes of testimony, 12/17/18 at 107-109.)  Appellant argues that both the opening remarks and the cross-examination questions violated his right against self-incrimination. (Appellant's brief at 12; **see also** notes of testimony, 12/17/18 at 5, 107-108.)

An issue involving the constitutional right against self-incrimation is a question of law, and therefore, an appellate court's standard of review is **de novo** and the scope of review is plenary. **Commonwealth v. Adams**, 104 A.3d 511, 517 (Pa. 2014). Our supreme court has held that once an accused invokes his right against self-incrimation, that right prohibits the Commonwealth from using the accused's pre-arrest silence "as substantive evidence of guilt, unless it falls within an exception such as impeachment of a testifying defendant or fair response to an argument of the defense." **Commonwealth v. Molina**, 104 A.3d 430, 438, 451 (Pa. 2014).

Here, the trial court heard argument on the Commonwealth's "desire to make mention in his opening statement of [appellant's] failure to appear for a scheduled interview" with Officer Taylor. (Notes of testimony, 12/17/18 at 3.) The Commonwealth, in arguing that the mentioning of appellant's failure to appear for the interview was permissible because appellant did not invoke his right against self-incrimination, stated,

> There's no intention that he exercised his right to remain silent. He indicated he wanted to discuss the incident and have a conversation with the police officer and didn't do it. There's no affirmative statement by him that I'm exercising my right to remain silent.

**Id.** at 5. The trial court agreed with the Commonwealth. (**Id.**)

In its opening statement, the Commonwealth, when discussing the circumstances surrounding Officer Taylor's interest in speaking with appellant, stated,

> [While on the phone with appellant,] Officer Taylor says, I need to talk to you, [appellant], about something that happened yesterday. It's about 8:15 in the morning at this point. [Appellant] says, I'll be there at 10:00. Doesn't show up. Calls and said, I had a flat tire. I'll be there later in the afternoon. Doesn't show up. Leaves a voicemail, I'll make arrangements to talk to you at some point, never did.

Notes of testimony, 12/17/18 at 25.[4]

On cross-examination, the Commonwealth asked appellant about his failure to meet with Officer Taylor. (**Id.** at 106.) Appellant's counsel objected, arguing that the questions were in violation of appellant's right to remain silent. (**Id.** at 107.) The trial court, in permitting this line of questioning, stated, "[t]o clarify, [appellant,] did -- never indicated -- it's never been represented to the [trial c]ourt that he told police that he wished to remain silent." (**Id.** at 108.)

The record contains no indication that appellant invoked his right against self-incrimination. On the contrary, a review of the testimony demonstrates that appellant made plans to meet with Officer Taylor to discuss the incident but "never really had time to go see him." (**Id.** at 106.) Therefore, we discern no error of law in the trial court's allowance of the Commonwealth's remarks in its opening argument or the cross-examination of appellant regarding his failure to appear for the scheduled interview with Officer Taylor. Moreover, appellant testified:

---

[4] Under **Molina**, a testifying defendant can be impeached with his pre-arrest silence. **See Molina**, 104 A.3d at 447.

> I actually contacted the Chambersburg City Police to find out if I was a wanted individual or if I had an arrest warrant for me. They told me that I was not wanted for arrest, that I was wanted for questioning. They gave me [Officer Taylor's] name and I left a voicemail for him also, with name, phone number and all of that.

*Id.* at 111. Appellant's testimony clearly demonstrates that he did not invoke his right against self-incrimination. *See*, *c.f.*, *Molina*, 104 A.3d at 438 (holding "[d]efendant's actions in affirmatively and definitively refusing to come to the police station and ending the phone call were sufficient to invoke his right against self-incrimination.").

In his final issue, appellant claims the trial court erred in permitting the Commonwealth, through its cross-examination questions of appellant, to imply to the jury that appellant failed to present evidence at the preliminary hearing. (Appellant's brief at 15.) Appellant also claims the trial court erred in denying appellant's request "to call a defense attorney as a witness to

address the issue of whether a defense attorney would offer such evidence at a preliminary hearing."[5] (*Id.*)

"It is well-settled that defendant's failure to object to allegedly improper testimony at the proper stage in the questioning of the witness constitutes a waiver." ***Commonwealth v. Redel***, 484 A.2d 171, 175 (Pa.Super. 1984) (citation omitted); ***see also*** Pa.R.A.P. 302(a) (stating, "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

Here, appellant contends the Commonwealth improperly referred to appellant's failure to present evidence at his preliminary hearing. (Appellant's brief at 16.) A review of the record, however, demonstrates appellant failed

---

[5] A review of appellant's Rule 1925(b) statement demonstrates that appellant failed to raise the claim that the trial court erred in denying appellant's request to present the testimony of another defense attorney to establish that defendants are not required to present evidence at a preliminary hearing. (Appellant's Rule 1925(b) statement, 2/13/19.) Therefore, this claim is waived pursuant to Pa.R.A.P. 1925(b)(4)(vii). ***See Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005) (stating, "[a]ny issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived."), ***re-affirming***, ***Commonwealth v. Lord***, 719 A.2d 306 (Pa. 1998).

Alternatively, if appellant had properly raised this claim in his Rule 1925(b) statement, we would find this claim lacks merit. The record demonstrates that after denying appellant's request to present such testimony, the trial court offered the following jury instruction, "Members of the jury, I am advising you as a matter of law that the defendant need not present any evidence at a preliminary hearing. Just as a defendant need not present evidence at trial." (Notes of testimony, 12/17/18 at 116.) We would discern no abuse of discretion on the part of the trial court in denying appellant's evidentiary request and, in the alternative, providing a jury instruction explaining the principles of law to follow. ***See Commonwealth v. LaCava***, 666 A.2d 221, 228 (Pa. 1995) (citation omitted) (stating, "[t]he jury is presumed to have followed the [trial] court's carefully issued limiting instruction.").

to object to the Commonwealth's cross-examination of appellant at the point when the Commonwealth asked appellant if he had presented any evidence at his preliminary hearing.  (Notes of testimony, 12/17/18 at 109-110, 113-114.)  Therefore, appellant has waived this issue.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 01/06/2020